M. B. NAVE, Respondent, v. THE PACIFIC EXPRESS COMPANY, Appellant.

St. Louis Court of Appeals, November 24, 1885.

1. COMMON CARRIERS — PRESUMPTIONS—DAMAGES—NEGLIGENCE.—The presumption is that goods delivered to a carrier in good condition, and by him delivered to the consignee in an injured condition, were injured while in the carrier's possession.

2. ——— BURDEN OF PROOF.—A *prima facie* case being made against a carrier, for injury to goods while in transit, the burden is on him

to show affirmatively that they were injured in a manner for which he is not liable under his contract.

3. ———— Evidence—Consignees.—A consignee who does not examine goods delivered to him by a carrier within a reasonable time thereafter, can not recover against the carrier for their injury by showing that when he examined them they were in a damaged condition, without further showing that the injury did not occur after their delivery.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Reversed and remanded.*

Davis & Davis, for the appellant.

Alex. Young, for the respondent.

Rombauer, J., delivered the opinion of the court.

This is an action to recover damages alleged to be caused by the defendant to the plaintiff, by the negligent performance of a contract of transportation. The defendant is a common carrier, and received from the plaintiff in the city of St. Louis a valuable clock, consigned to the plaintiff's husband, care of Pacific House, St. Joseph, Mo., for transportation as per consignment. There was evidence given on behalf of the plaintiff, tending to show that the clock was carefully and securely packed by the plaintiff at her residence, and taken thence to a store close by and deposited on the sidewalk in the plaintiff's presence; that the defendant had the clock taken from this latter place, by a local expressman in its employ, and shipped to St. Joseph, where it was delivered two days thereafter to the Pacific Hotel; that it was placed in a cloak room at the hotel, and was afterwards removed to the plaintiff's room, where the box was opened, and the clock was found broken and injured to such an extent as to be practically worthless. Between the arrival of the box at the Pacific Hotel, and its subsequent opening six weeks elapsed, and there is no evidence in the record as to where the box was during that

time, or what care was taken of it, except the statement of the plaintiff that she saw it on one occasion stored in a little cloak room.     There was also evidence tending to show that the plaintiff's damages were as found by the jury.

Upon the close of the plaintiff's case, the defendant moved for a non-suit, which the court refused, the defendant excepting.

The defendant thereupon gave evidence tending to show that the clock was not carefully packed.    That the box was taken with care from the sidewalk in St. Louis, by the defendant's agent and delivered at the depot in St. Louis, in the condition received ; that it was received in St. Joseph by the defendant's agent, in apparent good condition, taken in its delivery wagon to its place of destination, and there delivered to the clerk of the Pacific Hotel, who receipted for it as in good order, and that this was the last that the defendant heard of it until about four or five months afterwards, when the plaintiff made complaint about the injury.    There was nothing in the defendant's testimony to help the plaintiff's case.    The court instructed the jury that the plaintiff could not recover if the injury was owing to improper packing, and that it was incumbent on her affirmatively to show, that the clock was not broken when delivered to the defendant, and was broken when delivered at the hotel in St. Joseph.

The instructions given embodied the law correctly, were carefully drawn, and covered the defendant's case fully. · If the evidence as above detailed was sufficient to warrant the verdict, which was for the plaintiff, the judgment can not be disturbed.

It appears that there was direct evidence tending to show that the clock came into the defendant's possession properly packed and uninjured, but from that time on, the question as to when, where, and by whom the injury was caused, rests wholly on presumptions.

If it should clearly appear that the clock was injured when delivered at the Pacific Hotel, the verdict would find support in the legal presumption that the injury oc-

curred while it was in the carrier's possession. *Hawkes v. Smith*, 1 Carr. & M. 72 ; Schoul. Bail. 417, *n.* and *c. c.*

Such, however, ·does not appear, unless we can, as against the carrier, indulge in the further presumption, that the clock remained in the same condition between its delivery and its examination six weeks thereafter.

The presumption against the carrier is founded upon the just policy of the law. As the owner does not follow the goods, but they are after delivery to the carrier in the latter's exclusive possession, and under his control, the burden of proof is upon him to show that the loss or injury occurred from some cause for which he is not liable under his contract. But with delivery to the consignee or owner, the burden of proof is shifted, and it rests with the latter to show that the goods were in the same condition when received as when examined ; otherwise the carrier might be held liable for an indefinite time after delivery of the goods and prior to their examination. If the owner intends to hold the carrier, on the presumption that the goods were injured while in transit, he must show affirmatively that they were not injured after the transit ceased and prior to their examination. Here, there was no such proof. The delivery had taken place six weeks prior to the examination of the article, and a reasonable time for its examination after receipt had long passed. During the interval, the plaintiff and her agent had exclusive control and custody of the article. She failed to give any testimony whatever showing or tending to show, that the injury did not occur during this in- terval.

It is true, that under the instructions of the court, the jury could not have found for the plaintiff, unless they did find that the injury did not occur during this interval ; but if they have so found, their verdict, to that extent, is supported by no substantial evidence, but rests wholly on conjecture and can not be sustained.

The court should have sustained the defendant's demurrer to the evidence.

The omission in the testimony may be supplied upon

a new trial, but if it can not be supplied, the plaintiff's cause must fail, owing to her own negligence in not examining the property within a reasonable time after its delivery by the defendant. The judgment is reversed and the cause remanded. All the judges concur.