THOMPSON, ANDERSON & KENNEDY, Appellants, v. VIRGINIA E. KEHRMANN, Respondent.

St. Louis Court of Appeals, January 15, 1895.

1. **Mechanics Liens:** LIABILITY OF MARRIED WOMAN UNDER CONTRACT MADE BY HER HUSBAND IN HIS OWN NAME. When a husband contracts in his own name for improvements on the land of his wife, she can not be held personally under the contract, nor can a lien on the land be maintained under it, in the absence of evidence that he acted as her agent in making the contract.

2. ———: ———: SUFFICIENCY OF EVIDENCE OF AGENCY. When such contract is in writing, the agency may be established by extraneous evidence, but the evidence must be so clear, cogent and persuasive, as to leave no reasonable doubt of the agency in the mind of the trier of the facts.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Campbell & Ryan* and *Harvey & Hill* for appellants.

*Collins & Jamison* and *Fred Wislizenus* for respondent.

BOND, J.—Plaintiffs seek to enforce a mechanic's lien against the property of a married woman under a written contract between them and her husband, which made no reference to her and was not signed by her. The court sustained an objection to the lien account, and afterwards gave an instruction that plaintiffs were not entitled to recover against the wife. Whereupon they took a nonsuit with leave to move to set it aside as to the wife, and dismissed as to the husband. Their motion to set aside being overruled, they appealed to this court.

The evidence of the plaintiffs tended to prove that the husband was general manager for the Elleard Floral Company, and entered into a written contract with the plaintiffs in his own name for the erection of two greenhouses, one a palm house and the other a rose house, on the lot in question, which was owned by his wife; that a contract for the erection of a dwelling house on the same premises had been made shortly before, which both husband and wife had signed; that, after the drafting of the contract for the greenhouses, the husband said he could not sign until he took it home and showed it to his wife; that he made an appointment to meet one of the plaintiffs next day, which he and his wife kept. At this interview the husband spoke of omitting temporarily the construction of one of the greenhouses provided for in the plans, but his wife remarked that she did not want any building going on after she got into her residence, then being constructed under a written contract signed by both herself and husband with other contractors. The next day the contract referred to in this case was signed by the husband alone. Plaintiffs also gave evidence that, while the work was progressing, the wife had several conversations with them to the effect that she and her hus-

band were anxious to go away during the summer, and "she wished they would hurry up the work;" and, again, that on one occasion, when the plaintiffs told the husband they wanted $1,000, he walked back to a wagon where his wife was and told her, and she said: "Well, we will try to raise it, and go ahead with the work." Plaintiffs also gave evidence that, when the first payment of the contract was due, the husband gave his individual note for $1,500, and plaintiffs accepted the same upon condition that they could discount it; that the husband sent this note over to a hotel where his wife was to get her to endorse it for discount, which was done; that thereafter it could not be discounted, and plaintiffs returned it to him and received from him $200.00 in cash, and at other times from him money aggregating in all $600.00; that, no further payments being made, plaintiffs stopped work; that shortly thereafter the Elleard Floral Company, where the husband was employed, made an assignment, after which there was some talk between plaintiffs and Mrs. Kehrmann about making "some arrangement," as she could not meet the note she had endorsed. She also spoke of selling her house (residence) if she could get a chance. Nothing was done and plaintiffs sued.

The question presented by this appeal is whether or not there is such evidence in the record as to entitle the appellants to have the question of the agency of the husband for the wife, in making the written contract in his name only for improvements on her real estate, submitted to the jury? The only theory on which a married woman can be held for buildings on her land is that she contracted therefor either directly or through an appointed agent. And while a written contract reading in the name of the husband only may be shown by evidence *aliunde* to have been made by him as the agent of his wife, yet the evidence relied on for this purpose

"must be so clear, cogent and persuasive as to leave no reasonable doubt of the agency in the mind of the trier of the facts." *Carthage Marble and White Lime Company v. Bauman*, 44 Mo. App. *loc. cit.* 392, and citations. In actions at law, where there is a substantial evidence of an agency, the question whether the evidence is sufficient within the rule above stated must be submitted to the jury.

All that was done or said by Mrs. Kehrmann might be well ascribed to wifely interest in the improvements being put upon her land by her husband. There is no substantial evidence in the record that she in any way directed the method of doing the work, or suggested alterations during the progress of the buildings; nor was there any proof that her money paid for it, as appeared in the evidence shown in the case, *supra*, on the second appeal, 55 Mo. App. *loc. cit.* 210. Besides, it is significant that for the construction of a dwelling house on a part of the same lot by other mechanics she did sign a written contract jointly with her husband. Her failure to do so in the present case is consistent with an intention not to be obligated on the latter contract.

Neither is there any merit in appellants' point that they were entitled to a general judgment against the wife for the debts sued for, irrespective of any claim to a lien upon her property. For if, as we have seen, there was no adequate proof of agency on the part of the husband for the wife, he could no more bind her for the debts than he could charge her property with a lien. The result is that the judgment in this case is affirmed. All concur.