KATE B. DEGGE, Respondent, v. AMERICAN EXPRESS COMPANY, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Common Carrier:** BURDEN OF PROOF. When goods are not inspected by a consignee until three days after he has received them from the carrier, and are then found to be in an injured condition, he has the burden of showing, in an action against the carrier for damages, that the injury occurred during the transit and not after the delivery to him by the carrier.

2. **Practice, Appellate:** REVIEW OF EVIDENCE ON APPEAL FROM ORDER GRANTING NEW TRIAL: INFERENCES. An order granting a new trial on the ground that the verdict is against the weight of the evidence will not be reviewed on appeal therefrom, if there is a sustantial conflict in the evidence. And this rule applies when the evidence warrants either the finding or denial of an inference of fact upon which the result of the trial depends.

3. ——: ——. But *held*, by ROMBAUER, J., *dissenting*, that this rule does not apply, when the result of the trial depends upon an inference drawn by the jury from uncontroverted facts.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED (ROMBAUER, P. J., *dissenting*).

*M. F. Watts* and *L. R. Wilfley* for appellant.

The court erred in overruling the defendant's demurrer to the evidence. The burden of proof was upon the plaintiff to show negligence on the part of defendant, or that the injury to the picture complained of occurred while it was in defendant's possession. As to this, there was a complete failure of proof. *Witting v. Railroad*, 101 Mo. 631; *Standard Milling Co. v. Transit Co.*, 122 Mo. 258. Moreover, the plaintiff, having shown that the picture was receipted for as in good

order, a perfect *prima facie* defense was made upon her own evidence, and no evidence was offered tending to rebut or overcome this evidence. *Riley v. City of New York*, 96 N. Y. 331; *Ocean Steamship Co. v. McAlpin* 69 Ga. 437; *Central Railroad v. Rogers*, 57 Ga. 339; 1 Greenleaf on Evidence [15 Ed.], sec. 305.

*C. M. Napton* for respondent.

BIGGS, J.—This action originated before a justice of the peace and is for damages to a picture, alleged to have occurred while the picture was in the possession of the defendant as a common carrier. On a trial *de novo* in the circuit court there was a verdict for the defendant, which the court on motion of the plaintiff set aside as being against the weight of the evidence. From the order sustaining the motion the defendant has appealed.

The only reason assigned for the granting of the new trial (and it was the only possible one) was that the verdict was against the weight of the evidence. The granting of a new trial for this reason rests largely in the discretion of the trial court, and, where there is a substantial conflict in the evidence, the appellate court will not review it. *First National Bank v. Wood*, 124 Mo. 72.

The facts attending the shipment, as well as the condition of the picture when inspected by the consignee, are not matters of dispute. The only controversy is as to the inferences which may reasonably or legitimately be drawn from the established facts. The picture was delivered by the plaintiff to the defendant at St. Louis to be shipped to Chicago. It was properly and safely packed in a box or frame, and was consigned to the Board of Lady Managers of the Woman's Department of the World's Columbian Exposition. It

arrived in Chicago on the twenty-fourth day of April, and was delivered on the same day to the consignee at the Lady's Building and receipted for by the representative of the lady manager.   It was left by the defendant's delivery agent on the inside of the building, about four or six feet from the front entrance, where it remained for two or three days without being opened.   When the janitor of the building attempted to move the box into an adjoining room for the purpose of opening it, he heard glass rattle, and when he opened it he found the glass which was over the picture broken into fragments, and the picture itself in a bad condition.   He removed the broken pieces of glass, and, under the orders of the lady manager, reshipped the picture in the same frame to plaintiff.   The plaintiff testified that on receipt of the picture she inspected it and found that its surface was marred and scratched, as if broken pieces of glass had shifted back and forth across it, and that the box itself indicated that it had fallen or been struck with something.

If the picture had been inspected by the consignee when received, and had been found in a damaged condition, the presumption that the damage occurred while the package was in the possession of the defendant would have been unquestioned, and the plaintiff's right of recovery would likewise have been unquestioned.   But the inspection was not made until three days after the receipt of the package, which cast upon the plaintiff the burden of showing that the damage occurred during the transit and not after the delivery. *Nave v. Express Company*, 19 Mo. App. 563.   Under the established facts, was there a conflict in the evidence as to when the injury occurred?   That the jury was justified by the evidence in drawing the inference, that the injury occurred after the arrival of the picture, is not seriously questioned.   If a contrary inference

is fairly and legitimately admissible, then we have a conflict in the evidence. The plaintiff's evidence only tended to show that the picture remained at the place where the defendant's delivery man put it until the janitor of the building attempted to remove it into an adjoining room, when he heard the broken glass rattle. This of itself proved nothing, but when considered in connection with the plaintiff's testimony as to the character of the injuries to the picture, and that the glass over the picture was broken into fragments, it has some significance. The janitor testified that he removed the pieces of glass and reshipped the picture to St. Louis, and the plaintiff testified that, when she received it, its surface was greatly marred and scratched as if broken pieces of glass had shifted back and forth over it. The testimony of the janitor is, or at least it is a fair inference from his testimony, that the box was not moved after its delivery until the time it was opened. If this be true, it is not reasonable that the picture would have been thus defaced if the glass had been broken after the arrival at the building, but on the contrary the evidence suggests the probability that the accident occurred during the shipment, and for this reason we can not disturb the action of the court in sustaining the motion for a new trial.

Judge BOND concurring, the judgment of the circuit court will be affirmed. Judge ROMBAUER dissents.

ROMBAUER, P. J. (*dissenting*).—I can not concur either in the result reached by the opinion, or in the reasoning by which it is reached. It first attempts to demonstrate that there was some evidence from which the jury *might* have inferred that the injury to the picture occurred while it was in the possession of the defendant, and then proceeds to vacate a verdict because the jury *did not* so infer. It does not even

purport to deal with the *propriety* of the inference as based upon probabilities, but only with its admissibility. As the trial court in the very nature of things can have no superior facilities of judging of the propriety of an inference than we have, I can not conceive by what process of reasoning we can reach the conclusion that it is not for us to decide whether that court erred in adjudging that the verdict is opposed to the weight of the evidence.

Starting from these premises, which are incontrovertible, I proceed to state the unquestioned law. The presumption against the carrier, that goods delivered to him in good condition, and delivered by him to the consignee while in an injured condition, were injured by the carrier's negligence while in his possession, is one based upon the fact that, if not so injured, the carrier can explain the cause of the injury. It is one of those cases where the proof of a negative is required from the defendant, owing to the peculiar situation of the parties. But that presumption ceases to operate after the goods have passed into the hands of the consignee, and he has receipted for them. *Nave v. Express Company*, 19 Mo. App. 563. If upon the examination of the goods thereafter they are found to be injured, it is for the consignee to show that the injury did not occur after their delivery to him. This he may show by evidence that the character of the injury was such that the goods must have received it in transit, or that they could not have been injured while in the consignee's possession after delivery, and according to the authorities the consignee must show this by evidence which leaves the question free of doubt. *The Ocean Steamship Company v. McAlpin*, 69 Ga. 437; Hutchison on Carriers, sec. 768.

Now, in the case at bar the breakage was one which could have as well occurred by the improper

handling of the box after, as before, its receipt by the consignee. The plaintiff's evidence as to the care taken of the box after its delivery to the consignee is furnished only by one witness, who testified by deposition. He states, upon his examination in chief, that the box was under his notice some three or four or five days before it was opened, and that it stood apparently in the same place, but, on his cross-examination, he admits that he stated in writing, immediately after the accident, that he saw the box *for the first time* several days after its receipt, and, when asked whether *all* of this written statement is true, he answers in the *affirmative*. The care taken of the box in the intermediate time rests on *bare conjecture*.

The position taken in the opinion can not be defended, unless one of the following propositions is correct: *First.* The presumption of due care and right acting is available to the consignee, but unavailable to the carrier. *Second.* When a witness testifies by deposition, his testimony in chief is entitled to more credit than his testimony on cross-examination. *Third.* It is for the trial judge to say what is a just inference arising from uncontroverted facts, and his judgment in that regard is not subject to review on appeal. As I can not accede to either of these propositions, I must dissent from the opinion