McDonnell v. Nicholson.

JOSEPH McDONNELL *et al.*, Respondents, v. THEODORE NICHOLSON *et al.*, Defendants; PHOEBE G. STEVENS *et al.*, Appellants.

St. Louis Court of Appeals, November 17, 1896.

1. **Mechanics' Liens:** AGENCY OF HUSBAND FOR WIFE. The evidence is considered, and held sufficient to establish that a husband acted as agent for his wife in contracting for the erection of a building on her land.

2. ———: INSTRUCTIONS: SUBMISSION OF ISSUE OF AGENCY. *Semble,* that it is erroneous in an instruction to the jury to submit merely the abstract question, whether a husband acted as agent for his wife in contracting for the erection of a building, and that an instruction on that subject should set forth what facts will constitute the agency and submit the question of their existence to the jury.

3. ———: ———: COMMON ERROR. An appellant can not complain of an error in the submission of an issue by instructions given for the respondent, when his own instructions contain the same error.

4. ———: ———: EMPLOYMENT OF ORDINARY TERMS WITHOUT EXPLANATION. The word "accrued" has a popular meaning which jurors will be presumed to understand, and its use in an instruction to the jury is, therefore, proper without explanation of its meaning.

5. ———: REQUISITES OF SUBCONTRACTOR'S NOTICE. It is not necessary that the notice, which a subcontractor is required to give to the owner of his claim, should state the reasonable value of the materials furnished, or that they went into the building.

6. ———: NOTICE OF FILING OF SUIT BEFORE JUSTICE: TIME OF SUIT. It is not essential, when a mechanic's lien is sought to be enforced by suit before a justice of the peace, that summons should issue on the day specified for the commencement of the suit in the notice filed in the office of the clerk of the circuit court; the filing of the statement of the cause of action on that day with the justice designated in the notice will suffice.

7. ———: ACTION IN JUSTICE'S COURT: REQUISITE OF STATEMENT. The plaintiff's statement in an action before a justice for the enforcement of a mechanic's lien sufficiently alleges the purport of the notice of suit filed in such clerk's office, when it alleges that the notice states "the date when, and the justice before whom, this action is instituted for the enforcement of said lien."

8. ———: ———: COSTS. When an appeal is taken by the landowner from the judgment of a justice of the peace sustaining a mechanic's lien and the lien is thereon again sustained in the appellate court, a personal judgment for costs may be rendered in the latter court against the appellant and his sureties on the appeal bond.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*Ashley Cabell, B. Schnurmacher,* and *H. A. Loevy* for appellants.

Neither the justice nor the circuit court had jurisdiction of subject-matter because the suit was not commenced on June 13, 1895, in accordance with notice of suit, because the summons was not delivered to the constable on that date. R. S. 1889, sec. 6136; R. S. 1889, sec. 6161. Also because the statement of cause of action omits a jurisdictional allegation, namely, a statement of the date and name of the justice before whom the suit is to be brought. *Ewing v. Donnelly*, 20 Mo. App. 11; *Sanderson Case*, 37 Mo. App. 596. (2) The judgment for costs on the appeal bond against appellants and their security is erroneous, as there is no breach of the terms of the bond. *Deatherage Case*, 50 Mo. App. 497.

*Campbell & Ryan* for respondents.

(1) The lien account states the materials were furnished "upon, to, and for the building." That even in a petition would be a sufficient allegation. *Grace v. Nesbett*, 109 Mo. 9; *Rall v. McCrary*, 45 Mo. App. 365. Nor can any authority be found that the lien claim must contain a statement that the prices charged were reasonable; that is matter of pleading. *Mc-*

*Laughlin v. Schawacker*, 31 Mo. App. 3, 374. Even the statutory language as to the affidavit required to the lien account is not essential. *Schroeder v. Mueller*, 33 Mo. App. 28. A fair and substantial compliance with the statutory requirements is all that is necessary. *Walden v. Robertson*, 120 Mo. 38; *Leisse v. Schwartz*, 6 Mo. App. 413. The record shows that the suit was filed on the day and before the justice named in the notice. The filing of the petition is the commencement of the suit. *Gosline v. Thompson*, 61 Mo. 471. The purpose of section 6161, in requiring the notice of suit showing when and before what justice the suit will be instituted is that there may be in the clerk's office a record, whereby creditors and purchasers may be advised if the inchoate charge on the realty created by filing the lien is to be followed by suit in a court other than a court of record. *Ewing v. Donnelly*, 20 Mo. App. 6; *Schroeder v. Mueller*, 33 Mo. App. 28; *Heier v. Meisch*, 33 Mo. App. 35. The justice's transcript shows that summons was issued to constable Dolan the day the suit was filed, to wit, June 13, 1895; and that means delivered to him. Anderson's Law Dictionary, page 568, "Issue," 1; 1 Rapalje & Lawrence Law Dictionary, p. 683, sec. 11; 3 Century Dictionary, p. 3200; see Murfree's Justice Practice, sec. 312. The objection that the statement filed did not specify the date when and name of justice before whom suit would be instituted is not well taken. The allegation on those points in this statement is sufficient and finds distinct approval in *Schroeder v. Mueller*, 33 Mo. App. 28.

BIGGS, J.—The defendants, Theodore, David, and William Nicholson, had the contract for building a residence on a lot belonging to Phoebe G. Stevens, the wife of Charles N. Stevens, both of whom are defend-

ants in this action. The contract was signed by Charles N. Stevens. Nicholson Brothers sublet the plastering to the plaintiffs. The former abandoned the contract, leaving the plaintiff's claim unpaid. The plaintiffs filed a lien claim against the house and lot for the value of their work, and on the thirty-first day of May, 1895, they gave a notice of the claim to Mrs. Stevens. They also served her with a notice that on the thirteenth day of June, 1895, a suit to enforce the lien would be instituted before Patrick Sheehan, a justice of the peace for the city of St. Louis. On the day named in the notice the petition in the present action was filed with Sheehan, and the summons served on the following day, and on September 6, 1895, a judgment was rendered against the contractors for $387, and enforcing the mechanics' lien for that amount. From the judgment enforcing the lien Mrs. Stevens appealed to the circuit court. The trial in the circuit court resulted likewise in a judgment against her, and she has again appealed.

The theory of plaintiffs is that in the purchase of the lot, and in contracting for building the house, Stevens acted as the agent of his wife. The plaintiff McDonnell, who testified as a witness, was asked by his counsel, to detail certain conversations between him and Stevens, in reference to the work Objection was made on the ground that no evidence had been offered of Stevens' alleged agency. The objection was overruled, and Mrs. Stevens excepted. Previous to the question being asked, McDonnell had stated that, prior to the conversations alluded to and after the trouble had arisen with the original contractors, Mrs. Stevens, in talking to him said: "They (meaning herself and husband), were between the devil and the deep sea, in so far as the architect and builders were concerned

\* \* \*    and that *they* did not know what to do except, as a matter of course, to take the advice of *their* architect.'' McDonnell further testified that, on the day the plastering was completed, he and his partner, Bradford, had a conversation with Mr. and Mrs. Stevens. After talking about the difficulties with the Nicholsons, Bradford said to them: ''Well, I hope, Mr. and Mrs. Stevens, that there will be no trouble about the collection of this bill'' (meaning the bill for the plastering), and that Mr. Nicholson had agreed to give an order for the amount when the work was finished, and thereupon Stevens turned around and looked at his wife, and laughed, and then replied: ''Well, I am glad the Nicholsons have come to this. When your plastering is done, you will be paid promptly when you get the order.'' The witness also testified that at one time he asked Mrs. Stevens for the specifications to find out whether the plastering was to be finished with a smooth or granular finish. In reference to that Mrs. Stevens said that the plastering must be smoothly finished, *''that she wouldn't have it in the rough.''* Thus it appears that there was independent and substantial evidence of the alleged agency, which, of course, made the declarations or admissions of Stevens competent proof against his wife.

Against the objections of the defendants the plaintiffs read in evidence the notice of the claim. The ground of the objection likewise was that there had been no proof of the alleged agency of Stevens. This objection has been sufficiently answered, and we will, therefore, overrule the assignment.

Objections were made by the defendants to the lien paper, because it failed to state the reasonable value of the materials or that they went into the building. It is necessary to aver and prove these facts when it comes to the enforcement of the lien, but we know

of no authority requiring such statements to be made in the lien paper, nor can we conceive of any good reason why it should be done. In fact, the lien claim states that the materials were furnished "upon, to, and for, the building." The exceptions will be overruled.

A witness, who worked as a carpenter on the building under the Nicholsons, was asked whether Mrs. Stevens had at any time "*given him any directions*" with respect to the building. He was required by the court to answer the question categorically. He answered "yes," to which the defendants excepted on the ground that the witness only stated a conclusion. Upon further examination the witness gave the facts on which he based the answer. He stated that, during the progress of the work on the house, Mrs. Stevens ordered "a door in the pantry to be changed, and an extra door put under the front stairs, and also a door under the front stairs platform." It is evident that there is no merit in the assignment, and it will likewise be overruled.

At the instance of the plaintiffs the court instructed the jury as follows:

"The court instructs the jury that the only issue for them to consider is whether plaintiffs are entitled to a mechanic's lien for their demand against defendants, Nicholson Brothers, upon and against the house and parcel of ground which has been described in this case.

"If from the evidence the jury believe that defendant, Phoebe G. Stevens, by and through her husband, acting at her instance, or with her consent and approval, as her agent and for her benefit, made a contract with said defendants Nicholson, to build the house upon the lot referred to in the evidence; that thereafter said Nicholson Brothers contracted with plaintiffs to furnish the materials and labor for plastering said house; that plaintiffs furnished the work and

materials for plastering said house under contract with the Nicholsons, that within four months after plaintiff's demand accrued against Nicholsons for said plastering, plaintiffs filed in the clerk's office of this court the lien claim which has been read in evidence, plaintiffs having also first given said Phoebe G. Stevens the notice in writing of plaintiffs' intention to file said lien; that said notice was given said Phoebe G. Stevens at least ten days before said lien was filed; that both said notice and lien claim contained a true description of said property or so near as to identify same, and that said lien claim also contained a just and true account of the demand due plaintiff after all just credits had been given thereon, and that plaintiffs filed a notice in the office of the clerk of this court, of the court before whom and when this suit would be brought, and this suit was brought, as named in said notice, within ninety days after filing the lien, then the plaintiffs are entitled to a verdict for a mechanic's lien against said property for such amount, and interest thereon, as from the evidence the jury believes to be now due plaintiffs, for and on account of the reasonable value of the material and work used by plaintiffs in plastering said house, not to exceed the sum of $382, with interest from June 13, 1895, to this date at the rate of six per cent per annum."

The first objection to this instruction is that it was error to submit to the jury the abstract question of the agency of Stevens; that if, in the opinion of the court, there was substantial evidence to prove the agency, the proper direction would have been for the court to state in the instruction what facts in evidence would constitute the alleged agency, and, if the jury found these facts to be true, then that issue should be found for plaintiffs. This contention seems to be supported in the recent case of *Sheehan v. Hall*, 130 Mo. 260, which is contrary to the ruling of this court in the case of

*Carthage Marble Company v. Bauman*, 55 Mo. App. 204. However, the objection is not available to the defendants, as their instructions contained the same error. In such a case the exceptor is considered as having invited the error, and for this reason is estopped to take advantage of it. *Fairbanks v. Long*, 91 Mo. 628; *Nelson v. Wallace*, 48 Mo. App. 193.

The further objection is made that the meaning of the word "accrued" should have been explained to the jury. We think that the word has a popular meaning about which the jurors could not have been in error, if they were men of good understanding, which must be presumed, as the statute requires men of good intelligence to be selected for the discharge of such a duty. Under the authority of *Holland v. McCarthy*, 24 Mo. App. 112, this point will also be ruled against the defendants.

There are several other minor objections to the instruction, which we do not particularly notice or specify, as to do so would not lead to a different result. Hence, all objections made to the instruction are overruled.

It is claimed that under the evidence the circuit court had no jurisdiction of the subject-matter of the action, for the reason that it was not shown that the action was commenced before the justice on the day named in the notice of the suit. The notice stated that the action would be commenced before Justice Sheehan on the thirteenth day of June. The proof (as shown by the transcript of the justice) was that the petition was filed on that day and a summons "issued" to the constable. The return of the constable shows that the summons was served on the fourteenth of June, but he failed to note on the summons the date of its receipt by him. The contention now is that it was absolutely essential that the suit should have been *commenced* on the day

specified in the notice; that this was a jurisdictional fact which had to be proved, and, as the plaintiffs' evidence did not tend to prove it, the defendants' instruction for a nonsuit ought to have been given.    Waiving any discussion of the alleged insufficiency of the proof, and ruling that the date of the *commencement* of a suit before a justice is the date of the *delivery* of the summons to the constable (*Hornsby v. Stevens*, 65 Mo. App. 185), we think that counsel misconceives the object or purpose of such a notice.    In conferring jurisdiction on justices of the peace in mechanics' lien cases the legislature deemed it expedient (R. S. 1889; section 6161) that notice of the pendency of such actions should be made a matter of record in some court of record in the county, where persons interested in the property might look for information.    If, in such a case, the petition is actually filed within the time prescribed in the notice and with the justice named therein, everything has been accomplished for the protection of interested parties contemplated by the statute.    In the construction of statutes we must not "stick in the bark," but must look to the reason or object of the statute and give it such an interpretation as will carry out the legislative will.

Again, it is urged that the circuit court acquired no jurisdiction of the cause for the reason that the statement filed before the justice fails to state "on what date and before which justice the suit was to be brought." The averment is "and (plaintiffs) also filed on the same day, the twelfth day of June, 1895, in the office of the clerk of the circuit court of the city of St. Louis, a notice stating the date when, and the justice before whom, this action is instituted for the enforcement of said lien."    Under the authority of *Schroeder v. Mueller*, 33 Mo. App. 28, this point must likewise be ruled against the defendants.

Another ground of nonsuit is that there was no sub-

stantial evidence of the alleged agency of Stevens. What we have already stated as to the admissions of the wife, and her directions as to changes, would justify us in overruling this assignment. In addition to this there was some evidence tending to prove that, in paying for the lot and a portion of the contract price for building the house, Stevens used money belonging to his wife. The evidence was to the effect that, prior to the purchase of the lot Stevens sold his wife's homestead in Leavenworth, Kansas, for $3,500 or $4,000; that he received the money with the understanding that he would reinvest it for her benefit. The evidence and circumstances are such as to make the inference a fair one, that in partly paying for the house Stevens used his wife's money, or attempted to reimburse her in that way. This view is strengthened, when the declarations of Mrs. Stevens and her directions as to the manner of doing the work and changes therein are considered.

There was a judgment for costs in the circuit court on the appeal bond. It is insisted that this was unauthorized as there was no breach of the bond. The conditions of the bond were to wit: "Now, if on appeal the judgment of the justice in establishing a lien against said property be affirmed, or if on a trial anew in the appellate court judgment shall be given against the appellants or against said property and appellants shall satisfy such judgment, or if this appeal shall be dismissed and they shall pay the judgment of the justice, then this recognizance shall be void."

The statute for the enforcement of mechanics' liens before a justice of the peace provides for an appeal "in the manner and with the effect as in other cases." The statute having failed to provide for a special appeal bond, the ordinary appeal bond only can be given. That some of the conditions of such a bond are not applicable where the landowner only appeals is plain, for

there is no personal liability as to him. There can be no judgment against him and his sureties for the debt. In *Deatherage v. Sheidley*, 50 Mo. App. 490, such a judgment was rendered, and the Kansas City court of appeals set it aside. But such a bond at least secures the costs of the appeal, for the circuit court certainly has power in such cases to render a judgment for costs against the landowner where he fails in his appeal. In *Hunt v. Hopkins*, 83 Mo. 13, the court had under consideration an appeal bond in a suit to enforce the payment of a special tax bill. It was held that a judgment for the amount of the bill could not be entered on the the bond, for the reason that there was no personal liability. The court remarked that, in construing such a bond, reference must be had "to the nature and effect of the judgment appealed from, *and such as might be rendered in the appellate court.*" Under this ruling of the supreme court we conclude that the judgment for costs against the defendants and their sureties was authorized.

There are other questions presented by the briefs. Their discussion would not be profitable, as we consider them without merit. The judgment of the circuit court will, therefore, be affirmed. All concur.