M. SHAUGHNESSY, Appellant, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, December 15, 1896.

Practice, Appellate: WEIGHT OF EVIDENCE: NEW TRIAL: CONFLICT OF EVIDENCE: VERDICT. The appellate court will not disturb an order granting a new trial on the ground that the verdict is against the weight of the evidence, when there is a substantial conflict in the evidence as to some material issue of fact.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

The trial court has the inherent power to grant a new trial for errors committed by it, although not saved in the motion. But where the error is not of the court's commission, it must be pointed out in the motion for new trial; otherwise the court exceeds its authority. *Candee v. R'y*, 130 Mo. 154; *Taylor v. Architrl. Co.*, 47 Mo. App. 257.

This court will confine its review of the action of the trial court to the reason assigned in the order granting motion for new trial. *Millar v. Madison C. Co.*, 130 Mo. 517; *Candee v. R'y, Id.* 142.

The vital and decisive issue of fact, which it was the function of the jury to decide, was whether W. E. Doan was the agent of appellant for the purpose of receiving the two lots of whisky for which this suit is brought. *Robinson v. Walton*, 58 Mo. 380; *Schlesinger v. R. R.*, 87 *Id.* 146; *Harrison v. Kansas City, etc.*, 50 Mo. App. 332.

It was incumbent upon respondent to prove this fact to the satisfaction of the jury; and if respondent's proof was accompanied with such preponderance of evidence that a verdict to the contrary must have been the result of passion, or partiality, then the court was justified in setting aside the verdict on the ground of preponderance of evidence, but not otherwise. *Powell v. R'y*, 59 Mo. App. 340.

The trial court abused its discretion in setting aside the verdict on the ground assigned in the order. *Candee v. R'y*, 130 Mo. 154; *Millar v. Madison, Id.* 529.

*L. F. Parker* and *J. T. Woodruff* for respondent.

The principal question in this case is, whether Doan was plaintiff's or defendant's agent in delivering the goods in question. Ray's Neg. Freight Carrier, p. 913, par. 138; *Cox v. R. R.*, 8 So. Rep. 824; *Fitzsimmons v. Southern Ex. Co.*, 40 Ga. 330; s. c., 2 Am. Rep. 577; *Minter Bros. v. Railroad*, 56 Mo. App. 282.

Whether there is any evidence to support an issue is a question of law for the court, and the court should have sustained a demurrer to the evidence. 19 Am. and Eng. Ency. of Law, 598; *Trimble v. Mercantile Co.*, 56 Mo. 683.

When the trial court is of opinion that the verdict is not supported by or is against the weight of evidence, it should never hesitate to grant a new trial. *Reed v. Piedmont Ins. Co.*, 58 Mo. 421; *Whitsett v. Ransom*, 79 *Id.* 258; *Iron Mountain Bank v. Armstrong*, 92 *Id.* 265; *First Nat. Bank v. Wood*, 124 *Id.* 72; *Powell v. R'y*, 59 Mo. App. 335; *Walton v. Kansas City*, 49 *Id.* 620.

BIGGS, J.—The plaintiff is a wholesale liquor dealer in the city of St. Louis. This action is to recover the value of two shipments of whisky which the defendant admitted that it received from plaintiff for transportation to Arkansas City in the state of Kansas. The goods were consigned to plaintiff himself. His claim is that the defendant failed to deliver the goods to him, while that of the defendant is that they were delivered to one W. E. Doan, who at that time was the plaintiff's agent at Arkansas City. It was not disputed that Doan received the whisky. The sole controversy was whether he was plaintiff's agent. The trial was before a jury, resulting in a verdict for the plaintiff. On motion of defendant the verdict was

set aside as being against the weight of the evidence. The plaintiff has appealed.

In the very recent case of *The First National Bank v. Wood*, 124 Mo. 72, it was decided that when the circuit court grants a new trial for the reason that in its judgment the verdict is against the weight of the evidence, the order will not be disturbed by the appellate court if there is a substantial conflict in the evidence. The rule of law is that the granting of new trials for such a cause rests largely within the discretion of trial courts, and can only be reviewed when it is manifest that injustice has been done, or that the discretion has been unsoundly exercised. This an appellate court could not well hold when there is a substantial conflict in the evidence as to some material issue of fact, it being the exclusive province of trial courts to weigh the evidence.

New trial; conflict of evidence: verdict.

When the whisky in question was shipped and for some time prior and subsequent thereto, Doan was the local railroad agent of the defendant at Arkansas City. He was also engaged in an independent business in the town. The whisky was consigned to plaintiff himself and the bills of lading therefor with drafts attached for the purchase money were sent by plaintiff to a local bank. The whisky was shipped on Doan's account, and he was notified by plaintiff of the shipments. When the goods arrived Doan took possession of them without first paying the drafts and getting possession of the bills of lading. He subsequently sold them, and failed either to pay the drafts or to remit the amount of the purchase money to plaintiff.

The defense was that the plaintiff without the defendant's knowledge had been carrying on, through Doan, an extensive whisky traffic in violation of the Kansas statute, which makes it a misdemeanor for any

one to manufacture, sell, or barter any spirituous liquors within the state; that the plan devised by plaintiff for escaping the penalties of this statute was to ship whisky to Doan (the plaintiff consigning the shipment to himself), Doan was to sell and deliver it to local dealers, and with the proceeds pay the drafts and take up the bills of lading.

The plaintiff denied that any such arrangement was entered into. He testified that the whiskeys in question were shipped on orders from Doan, and that he was not entitled to receive the goods from the defendant until the drafts were paid and the bills of lading surrendered.

On the other hand the deposition of Doan was read in evidence, which tends strongly to prove the defendant's contention. The defendant also read in evidence some letters written by plaintiff to Doan, which also tend to establish the alleged agency. For the purposes of this opinion we need only insert the letter of December 15, 1893, which was written a short time after the last shipment sued for:

"*W. E. Doan, Esq., Arkansas City, Kansas.*

"DEAR SIR:—Your letter dated December 12, reached us this morning. You state therein that you have deposited $300.00 to our account in the bank. In checking over the shipments to you we find that this amount will not balance with any particular lot or lots. We have the following shipments at your depot:

| | |
|---|---|
| September 6th, G. W. Waltman | $ 59 00 |
| August 31st, Wallace & Buck | 120 00 |
| September 23rd, to yourself consigned to G. W. Hussey | 190 00 |
| October 19th, to yourself consigned to G. W. Hussey | 232 50 |
| November 1st, to yourself consigned to G. W. Hussey | 237 50 |
| November 3rd, to yourself consigned to G. W. Hussey | 85 00 |
| Making in all | $924 00 |

"When you make us remittances, which we would like you to do as fast as you dispose of the goods, we

would like you to remit for the value of each lot of shipment. In that way we can keep track of the goods which we send to you. We have the following lots at your depot:

"September 22nd. Frank Williams, 1-2 bbl. (25 gallons) of whisky, value $46.25, and October 21, L. W. Stiner, one case of 'Club House' Bourbon, quarts, $10.50, and five gallons of blackberry brandy, $1.25 keg, 50 cents, in all $17.25. The drafts and bills of lading for these two shipments are at the Farmers National Bank. If you can dispose of them this month we will be glad to allow you 10 per cent of their value for your trouble in doing so. We do not like to have them shipped back here if we can dispose of them, but if you can not dispose of them soon we would rather have them returned to us at once. In case you dispose of them, take up the drafts and make a requisition on us for the commission which we heretofore state we will allow you.        Very respectfully,

"M. SHAUGHNESSY & Co."

The items of $190 of September 23, and of $232.50 of October 19, mentioned in the foregoing letter are the two shipments here in controversy.

We think it quite clear that we ought not to disturb the order for a new trial, as there was a sharp conflict in the evidence as to the only material issue of fact in the case. Therefore the judgment of the circuit court will be affirmed. All the judges concur.