ANDREW KUENZEL, Respondent, v. DAVID NICOLSON *et al.*, Defendants; PHOEBE G. STEVENS *et al.*, Appellants.

St. Louis Court of Appeals, January 4, 1898.

Practice, Appellate: NEW TRIAL : VERDICT : ABUSE OF JUDICIAL DIS-
CRETION. Appellate courts will not, ordinarily, disturb the action of trial courts in granting new trials, but where the verdict of a jury has been set aside by the trial court, on the ground that it is against the evidence, and it is manifest that the trial judge has invaded the province of the jury, and that injustice has been done, the appellate court will not hesitate to correct the error.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

REVERSED (*with directions*); Judge BOND concurring,
Judge BIGGS dissenting.

CERTIFIED TO SUPREME COURT.

BLAND, P. J.—On the third day of September,
1894, George S. Holmes and wife, by general warranty
deed, conveyed to Phoebe G. Stevens a parcel of real
estate situated in the city of St. Louis. In September
or October, 1894, C. N. Stevens, who was the husband
of Phoebe, procured Barnett, Haynes & Barnett,
architects, to prepare plans and specifications for the
erection and construction of a dwelling on the grounds
conveyed to his wife by Holmes. On the twentieth of
October, 1894, a contract in writing was entered into
by and between C. N. Stevens and Nicolson Brothers,
whereby the latter agreed to furnish the material and
erect the house according to plans and specifications
for the sum of $5,391, to be paid to them by C. N·
Stevens by instalments as the work of construction
progressed. On orders of the architects, Nicolson
Brothers entered upon the performance of their part of
the contract, and proceeded to erect the building, in
the course of which they purchased from the respond-
ent wood material of the value of $412 that was used
in the construction of the house, and for which respond-
ent has not been paid. Proper steps were taken *to*
charge the property with a mechanic's lien for the
value of the lumber so furnished. This suit was to
enforce that lien. The jury returned a verdict for the
sum of $449.36 against Nicolson Brothers, but found no
lien against the property. A motion was filed to set aside
the verdict of "no lien" upon the ground that it was

against the evidence and against the weight of the evidence. The motion was sustained by the trial court and a new trial awarded, from which Mrs. Phoebe Stevens has appealed to this court.

The granting of a new trial upon the ground that the verdict of the jury is against the evidence, must necessarily rest very largely in the discretion of the trial court who sees the witness, hears the testimony, and from this vantage ground is in a much better position to judge of the weight and credibility of the testimony than the appellate judge, who can see it only as it appears in cold type. For this reason appellate courts are extremely cautious about interfering with the exercise of this discretionary power by the trial courts, and will not do so unless the discretion has been injudicially used and manifest injustice has been done. *Wells v. Anderson*, 133 Mo. 663; *Reid v. Ins. Co.*, 58 Mo. 42; *Bank v. Armstrong*, 92 Mo. 262; *Bank v. Wood*, 124 Mo. 72; *McKay v. Underwood*, 47 Mo. 187. But the fact that the verdict of a jury has been set aside by the trial court on the ground that it was against the evidence, may be reviewed by an appellate court, and if it is apparent that the trial judge has wrongfully invaded the province of the jury and that injustice has been done, the appellate court will not hesitate to correct the error. *Shaughnessy v. R'y*, 68 Mo. App. 155; *Wells v. Anderson, supra.*

The contract in this case was made and signed by C. N. Stevens individually—not as agent of Phoebe Stevens; all the payments that were made on the contract were made by him, and presumably out of his own funds, in the absence of any testimony to the contrary. He procured the drafting of the plans and the making of the specifications, and at no time assumed to act in any of these matters for his wife; nor was she present

when plans were adopted and the contract made and signed. She nowhere appears until the contractor was ready to begin the excavation for the foundation, when she with her own hands broke the ground by removing a spade of sod. During the progress of the erection and finishing of the building, she was frequently present, took a good deal of interest in the internal arrangements of the house, had the detail of the construction of a closet changed, inspected some doors, objected to some panelling that was in them, and had that changed—remarked when some difficulties arose about the contract, that "we are between the devil and the deep sea," manifested a very pronounced interest in the construction and finish of the house, and as was said in the case of *McDonald v. Nicholson,* 67 Mo. App. 408, where the evidence, except as to payments, was the same as in this case, there was inferential evidence sufficient to warrant the question of C. N. Stevens' agency to be submitted to the jury, but in the light of the rule announced in *Eystra v. Capelle,* 61 Mo. 578, that "to establish an agency of the husband in behalf of the wife, the evidence must be cogent, strong, and more satisfactory than would be required between persons occupying different positions," and followed and emphasized in *Rodgers v. Bank,* 69 Mo. 560; *Bank v. Bank,* 130 Mo. 155; *Thompson v. Kehrmann,* 60 Mo. App. 488; *Kansas City Planing Mill v. Brundage,* 25 Mo. App. 268, and *Barker v. Berry,* 8 Mo. App. 446. To say after the question had been submitted to the jury, who by their verdict said there was no agency, that such a verdict was against the evidence or *the weight* of the evidence is to lose sight of this well established rule of evidence and to wrongfully invade the province of the triers of the fact. Applying the rule of evidence in such a case to the testimony, we are unable to see how the jury could have found any other

verdict than the one they did find, and we are clearly of the opinion that the trial judge, without due reflection, injudiciously exercised his discretion and that manifest injustice was done. The judgment is reversed with directions that the circuit court overrule the motion to set aside the verdict and for new trial, and enter judgment upon the verdict as rendered. Judge BOND concurs; Judge BIGGS dissents, and deems the decision opposed to case of *Bank v. Woods*, 124 Mo. 72, and requests that the cause be certified to the supreme court, which is accordingly done.

BIGGS, J. (*dissenting*).—The majority opinion properly states that appellate courts will not review the action of trial courts in granting new trials unless satisfied that the order was the result of injudicial bias. This is but a general statement of the rule which is to be found in many decisions. The profession needed some standard or rule by which "injudicial bias" could be determined. The supreme court announced the rule in *Bank v. Wood*, 124 Mo. 172, to the effect that if there appeared to be "*a substantial conflict*" in the evidence the action of a trial court in granting a new trial ought not to be disturbed. This court has followed and applied that rule in *Degge v. Express* Co., 64 Mo. App. 102, and *Shaughnessy v. R. R.*, 68 Mo. App. 152. That there was substantial evidence in the case at bar that the husband acted for the wife in contracting for and superintending the building of the house, there can be no question. The majority opinion concedes this. We reviewed the same state of facts in the case of *McDonnell v. Nicolson*, 67 Mo. App. 408, except in that case there was slight evidence tending to prove that Stevens, in paying for the house, used some of his wife's money. I wrote the opinion in that case, and was strongly impressed with the belief of the existence of the alleged

agency. The opinion of my associates ignores the rule stated in *Bank v. Wood, supra,* and in my judgment it will have a tendency to produce confusion and uncertainty as to this important rule of appellate practice. I am of the opinion that their decision is opposed to that of the supreme court in *Bank v. Wood, supra,* and for that reason the cause ought to be certified to the supreme court.