A. M. BECKER LUMBER COMPANY, Respondent, v. PHOEBE G. STEVENS et al., Appellants.

**St. Louis Court of Appeals, May 26, 1900.**

**Mechanics' Lien:** AGENCY OF HUSBAND FOR WIFE: PROOF OF AGENCY: INSTRUCTIONS. An instruction to the jury in a mechanics' lien suit concerning the proof of agency of husband for wife is held to properly declare the law, which submits the issue as to the agency of husband for the wife upon the simple question of the preponderance of the evidence on that point.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Ashley Cabell, B. Schnurmacher* and *H. A. Loevy* for appellants.

(1) The verdict of lien is against the evidence, and respondent should have been nonsuited. The building contract was in writing, signed by Chas. N. Stevens, not by Mrs.

Stevens, and there was no evidence that Mrs. Stevens had any agent. Garnett v. Berry, 3 Mo. App. 187; Barker v. Berry, 8 Mo. App. 446; Bauman case, 55 Mo. App. 208; Thompson case, 60 Mo. App. 490; Broadwell case, 83 Mo. 571; Bank v. Bank, 130 Mo. 161, 162; McDonnell case, 67 Mo. App. 408. (2) As the verdict and judgment must dispose of all the parties to the case, the failure to find for him is reversible error. Schweickardt case, 2 Mo. App. 582; Miller case, 34 Mo. App. 608; 28 Am. and Eng. Ency. of Law, 285, and note 3. (3) In order to recover a lien in the face of such evidence, it therefore was necessary for respondent to prove that Mr. Stevens acted as her agent in and about the construction of the house, and that her money was used in the payments made to the contractors. The only evidence offered by respondent to connect Mrs. Stevens with the contract was a repetition of the statements claimed to have been made by her, which are noticed in the opinion of this court in the McDonnell case against her, 67 Mo. App. 408, and in the Kuenzel case, 155 Mo. 280. All this evidence as to Mrs. Stevens' conduct is nothing more than an exhibition of that wifely interest which she is entitled to evince, which of itself is not sufficient to bind her interest in the land. That is the unbroken line of the decisions in this state. "A husband as such has no power, by a building contract, to create a liability in his wife's estate to a mechanics' lien. He can only do so as her agent. To subject an estate to a mechanics' lien through the intervention of any person other than the owners, such other persons must not only have assumed to act for the owner, but must have been authorized to do so, either by previous appointment or by subsequent ratification. The mere knowledge or approbation of the owner does not amount to either appointment or ratification." Garnett v. Berry, 3 Mo. App. 187.

*Rombauer & Rombauer* for respondent.

(1) The court properly submitted the question of agency to the jury. McDonnell v. Stevens, 67 Mo. App. 408; Kuenzel Planing Mill Co. v. Stevens, 155 Mo. 280. (2) The evidence shows that a portion of the lumber delivered April 24 and May 8 was used in the construction of the house by Nicholson Bros. (3) The instructions given were properly given, and those refused were properly refused. The court did not err in its rulings on the testimony.

### REPLY BRIEF.

It is claimed instruction number 13 was properly refused. This declares the well-established rule that to establish agency by husband for wife the evidence in the face of the husband's written contract must be so clear, cogent and persuasive as not to leave a reasonable doubt about it. The Kansas City court so held in the Brundage case, 25 Mo. App. and recently in Farley case, 68 Mo. App. 91. Our supreme court so held in Eystra case, 61 Mo., Rodgers case, 69 Mo., and Bank case, 130 Mo.

BOND, J.—On the third of September, 1894, Mrs. P. G. Stevens, wife of C. M. Stevens, acquired by deed a lot of ground, which her husband contracted with architects and builders should be improved so as to provide a residence for himself and wife. Under the personal contracts of the husband the improvements designed were begun, but before completion the original contractors abandoned the work in consequence of a controversy with the architects as to the terms of the building contract. Some of the sub-contractors were unpaid when the original contractors relinquished their jobs. Among these was the plaintiff, who brought this action for a personal judgment and a lien against the building for

material furnished and used in its construction. The evidence as to the participancy of Mrs. Stevens in the making of the contracts for the improvements and also as to her suggestions or directions to the contractors during the progress of the work, is substantially the same as that set forth in the two cases, McDonnell v. Nicholson, 67 Mo. App. 408; Kuenzel v. Stevens, 73 Mo. App. 14, decided in this court. On the trial plaintiff had a verdict and judgment establishing the lien prayed for and also a personal judgment against the contractors. The owners of the property appealed to this court, where the cause was submitted on the twenty-second of March, 1898, and decision withheld because of the certification of Kuenzel v. Stevens, to the supreme court, which latter case involved questions of law determinative of the points arising on the appeal in the one at bar. These questions have been ruled on by the supreme court in its recent opinion. We accordingly proceed to dispose of the one at bar.

The decisive question presented by this appeal is, what degree of evidence is essential to prove the agency of the husband for the wife in contracts made in his own name for the improvement of her real estate? If such agency is shown the property in question may be charged with a mechanics' lien in the contingencies provided for by the statute on that subject. If it is not proven the husband alone is responsible upon his personal contract with the mechanic. Heretofore this court, following the lead of the supreme court, has ruled that the evidence of such agency "must be clear and strong, and leave no doubt in the minds of the jury that such authority was given." Kuenzel v. Stevens, 73 Mo. App. 14; Carthage Marble & White Lime Company v. Bauman, 44 Mo. App. loc. cit. 392; Eystra et al. v. Cappelle, 61 Mo. 578; Savings Bank v. Butchers and Drovers Bank, 130

Mo. 155.   More recently, however, this court restricted the application of the rule announced in the above cases to proceedings to enforce mechanics' liens, and refused to extend it to any other dealings on the part of the husband on behalf of his wife.   Long v. Martin, 71 Mo. App. 569.   In the latter case the point in judgment was the correctness of an instruction which told the jury that it was sufficient "to establish the husband's agency for the wife by a preponderance of the testimony."   The majority of this court decided that such an instruction embodied an accurate and scientific statement of the rule of law governing the general transactions of the husband as agent of his wife.   That case was certified to the supreme court, where it has been recently decided, and the conclusion arrived at by the majority of this court fully approved.   See 54 S. W. Rep. 473.   In the case of Kuenzel v. Stevens, *supra*, the supreme court has still more recently applied the same doctrine to proof of agency in mechanics' lien suits, thus symmetrizing the rules of law on this subject and overruling the incongruous cases upon which the old rule rested.   We therefore hold that the trial court in the case at bar did not err in submitting the issue as to the agency of the husband for the wife upon the simple question of the preponderance of the evidence on that point, and as there was evidence tending to prove such agency the assignment of error that the verdict is unsupported by the proof must be overruled.

The next error assigned is that there was no evidence that the lumber sued for was used in the construction of the building within four months prior to the filing of the lien. An examination of the testimony shows that there was evidence tending to show that so much of the lumber as was sued for was furnished and used in the construction of the building within the statutory time prescribed for filing a materialman's lien.   The jury were at liberty to accept the

evidence tending to establish that fact, and to disregard that of a contrary purport, and their verdict concludes the matter.

The judgment is affirmed. Judge *Bland* concurs; Judge *Biggs* absent.