ROADWAY EXPRESS, Inc., a Corporation, Plaintiff in Error,

v.

Maurice SOLOW, doing business as Auto Glass & Plate Company, Defendant in Error.

No. 37848.

Supreme Court of Oklahoma.

May 20, 1958.

Geo. L. Ruddle, Tulsa, Milton W. Hardy of Hardy & Hardy, for plaintiff in error.

Farmer, Woolsey, Flippo & Bailey, and Thomas W. Brown, Tulsa, for defendant in error.

BLACKBIRD, Justice.

Defendant in error recovered judgment, as plaintiff, against plaintiff in error, a common carrier, as defendant, in the amount of $131.47, as the value of certain flat glass and curved automobile windshields allegedly broken while said defendant was transporting them from their consignor, Shatter Proof Glass Corporation, Detroit, Michigan, to said plaintiff in Tulsa, Oklahoma. From said judgment, defendant appealed to the Common Pleas Court, where, after a non-jury trial de novo, plaintiff again had judgment. Thereafter, the latter court overruled defendant's motion for a new trial, and it perfected the present appeal. Our reference to the parties as "plaintiff" and "defendant" will hereinafter be continued, together with reference to the Common Pleas Court as the "trial court."

In urging reversal of the trial court's judgment, defendant's position seems to be generally that the evidence was insufficient to establish a prima facie case for plaintiff. The absence of proof of any specific act of negligence on the part of defendant in the handling and transportation of the glass shipment seems to be conceded, but it also seems to be recognized that, in the absence of any dispute concerning the amount of plaintiff's loss, the evidence supports the judgment if it sufficiently shows: (1) That the shipment was received by the defendant carrier in good condition; and (2) That it was delivered to plaintiff in a damaged condition. Proof of these facts shows circumstantially that the damage to the material shipped occurred while it was in said carrier's possession.

In its reply brief, defendant concedes that the undisputed evidence shows that the glass was properly packaged, but, by pointing out one of plaintiff's witnesses' testimony to the effect that the glass was not inspected im-

mediately before it was shipped, defendant not only challenges the sufficiency of the evidence to show that it was in good condition when received by it for shipment, but argues further that the evidence affirmatively established that when it delivered the glass to plaintiff, it was not broken. We do not concur in defendant's view of the evidence.

We recognize that under the undisputed evidence, Shatter Proof Glass Corporation, in order to fill the "flat glass" portion of plaintiff's order, probably procured said glass from the stock of such glass it had previously packaged, and that it was loaded into defendant's truck without then and there taking it out of the packages and inspecting it for breakage. However, we find in the depositions of Messrs. Duckett and Swindore, said consignor's Supervisor of Shipping and General Foreman of the Packing Department, respectively, evidence tending to show that the flat glass, as well as the curved windshields were not broken at the time the shipment went into defendant's possession for cross-country trucking to plaintiff. From their testimony as to the inspection of the glass when it was packed into its containers, and what was done with it afterward, we think it could be reasonably inferred, under the circumstances shown, that it was not broken before going into defendant's possession, though no witness had seen the glass itself after it was placed in the containers or could positively and unequivocally say that it did not, in some unknown manner, become broken after being placed in them. All any witness could testify to was in substance that, as far as they knew, the packages, before and during their loading, were not dropped or contacted in any way to cause the glass inside them to break; that the containers themselves bore no evidence of such breakage; and that, as far as they knew, the glass inside them was not broken at the time they were placed in defendant's truck.

Defense counsel says that "all of the evidence" shows, among other things mentioned, that the glass was carefully transported. This is true, as far as could be inferred from the evidence as to the manner in which it was loaded, the fact that the truck trailer in which it was transported was sealed after loading in Detroit, on November 2nd, and not unsealed until unloading began in Tulsa, Oklahoma, on November 5th, and by the evidence of what occurred after commencement of the shipment's delivery from defendant's Tulsa dock to plaintiff's dock in the same City. But there was no direct evidence as to what occurred on the trip from Detroit to Tulsa. As to any care exercised by defendant on said trip, the record is devoid of any evidence except the fact that the trailer was still sealed when it arrived in the latter city, and that, when it was unsealed and opened, the wrappers and packages containing the glass appeared to be in virtually the same condition and situation as when they were loaded in Detroit.

■■■■ After the unloading of the packages at plaintiff's dock on November 5th, it was not until more than a month later, or December 9th, that plaintiff requested defendant to send an inspector to his place of business to view the breakage. But, according to plaintiff's witnesses, the packages containing the glass had, at all times since being unloaded on his dock, remained there without being moved, until they were opened and the glass breakage inside them first discovered. The reasonable inference to be drawn from this evidence was that nothing happened to the containers to cause breakage of the glass inside them, after they reached plaintiff's dock. The only contradictory evidence offered by defendant was the testimony of its Terminal Manager, Mr. Bennett, wherein he opined that the glass "was probably broken after (its) delivery * * *". In the absence of any evidence given either by Mr. Bennett, or any other witness, furnishing a factual, as distinguished from a conjectural, basis for such an opinion, we think plaintiff's evidence sufficiently tended to show that the glass was not broken after it came into its possession, to render determinable, as an issue of fact, the question of whether it was broken then, or previously, while in transit and in defendant's possession. In the fact that the

breakage of the glass inside the containers was not indicated, or foretold, in any manner by any mark, dent or break in its containers (all of which appeared to be in the same condition when they were unloaded on plaintiff's Tulsa dock that they were in when loaded into defendant's truck at Detroit) and in the further fact that the breakage inside the containers was not discovered until sometime after they came into plaintiff's possession, this case bears a striking similarity to Degge v. American Express Co., 64 Mo.App. 102, which, in Niedt v. American Ry. Express Co., Mo.App., 6 S.W. 2d 973, was compared with Nave v. Pacific Express Co., 19 Mo.App. 563, cited by defendant. In the Niedt case, the court held:

"Where, in suit for loss of goods in shipment, plaintiff intends to hold carrier on presumption that the loss occurred in transit, he is required to show affirmatively that the loss did not occur after transit ceased and prior to examination."

There, the court pointed out that one of the principal distinctions between the Nave and Degge cases was that, in the latter, plaintiff had introduced evidence from which it could be inferred that the damage to the article shipped to her had not occurred after it was delivered, while, in the former case no such evidence was introduced. Here, the evidence is not as strong in the plaintiff's favor as it was in the cited Nave and Degge cases, yet it cannot be said (as it was in the Nave case) that there was no evidence showing, or tending to show, the affirmative of the above-described issue. In this jurisdiction, where an action at law is tried by the court without a jury, the sufficiency of the evidence to support the judgment is tested, on appeal, by the same rule that governs the review of judgments based upon verdicts. See Roadway Express v. Gordon, Okl., 277 P.2d 146. As we are unable to say, as required by that rule, that the judgment herein appealed from is without any competent evidence reasonably tending to support it, it is hereby affirmed.