130  257
 67a 414
130   257
 71a 376

SEEHORN, *Public Administrator, et al.*, v. HALL *et al.*,
*Appellants*.

**Division One, November 7, 1895.**

1. **Land:** VENDOR AND VENDEE: JOINT PURCHASERS: COMMISSIONS. Where plaintiffs and defendants jointly bought land for a price which defendants represented was the lowest for which it could be obtained plaintiffs can recover from defendants a proportionate part of the commission paid by the vendor in accordance with a prior agreement for effecting a sale of the land, plaintiffs being ignorant of the payment until after the sale.

2. ———: ———: ———: ———: PARTNERSHIP. Nor is it necessary in such case for plaintiffs to resort to equity for an accounting in order to recover their proportionate share of the commission, it appearing that the transaction was an individual and not a partnership one.

3. **Agency:** QUESTION OF LAW AND FACT. Whether an agency exists under an ascertained state of facts is a question of law to be determined by the court, it being the province of the jury to find whether the facts necessary to establish the agency existed.

*Appeal from Jackson Circuit Court.*—HON. JOHN W.
HENRY, Judge.

AFFIRMED.

*Charles H. Nearing* for appellants.

(1) The court erred in its rulings on the instructions. (2) Money claimed to have been received on partnership account by one partner can not be recovered by the other partners in an action at law. *Springer v. Cobell*, 10 Mo. 641; *Smith v. Smith*, 33 Mo. 557; *Russell v. Given*, 46 Mo. 411; *Bonds v. Beemis*, 55 Mo. 524.

*Warner, Dean, Gibson & McLeod* for respondents.

(1)    Plaintiffs are entitled to recover on the facts stated in the petition. *Land Co. v. Case*, 104 Mo. 572; *Yale . Gas Stove Co. v. Wilcox* (1894), 29 Atl. Rep. (Conn.) 303; *Ferguson v. Bateman*, 1 App. Cases, Dist. Col. 279; *Getty v. Devlin*, 54 N. Y. 403; *Cornell v. Cornell*, 75 N. Y. 91; *Brewster v. Hatch*, 122 N. Y. 349; *Emery v. Parrott*, 107 Mass. 100; *Mining Co. v. Spooner*, 74 Wis. 307; s. c., 42 N. W. Rep. 259; *Chandler v. Bacon*, 30 Fed. Rep. (Mass.) 538; *LeGendre v. Byrnes*, 44 N. J. Eq. 372; s. c., 14 Atl. Rep. 621.

MACFARLANE, J.—Plaintiff Seehorn as administrator of P. T. Scruggs and Mortimer Deering prosecutes this suit against William A. Hall and Nathan J. Hall, the object of which is to recover one half of a commission received by defendants for effecting a sale of a cattle ranch in the state of Colorado.

The petition charged, and the evidence tended to prove, in substance, the following facts: Defendants were engaged as partners in the cattle business in Kansas City. One James Wilcox lived in Trinidad, Colorado, and was the owner of a cattle ranch, consisting of land and cattle, which was located about thirty miles from Trinidad. At this time, October, 1883, one Barillo and defendants had an option for the purchase of this ranch for the sum of $225,000. This option was held with a view of selling the property to others and the time limited had about expired.

Plaintiffs desired to purchase a ranch and hearing that defendants had this one for sale went to see them with a view of purchasing. After being informed by defendants that the property could be bought for $225,000 and no less, plaintiff and one of the defendants went to Colorado for the purpose of examining the

property.   They, with Wilcox the owner, spent several days in making such examination.

Afterward, plaintiffs, defendants, and Barillo entered into an agreement that they would together purchase the property, on the best terms possible, plaintiffs each to take one fourth, Barillo one fourth, and defendants, as partners, one fourth thereof.   Under this agreement the purchase was made for the sum of $225,000, each agreeing to pay one fourth of the purchase price, one third in cash and the balance on time. The cash payments were made and one fourth of the property was conveyed to each as agreed.

Prior to the consummation of this contract the purchasers agreed verbally among themselves that if they made the purchase they would hold and manage the property as partners, each to have a one fourth interest therein.   After the purchase a written partnership agreement was made.

Immediately on the conclusion of the purchase, Wilcox, in pursuance of a previous agreement, paid defendants and Barillo about $9,000, by way of commission for making the sale, which was divided equally between them.   Plaintiffs were not informed that a commission was to be paid, or that it had been paid until long after the sale had been consummated, but believed they were purchasing on the best terms that could be obtained.   The suit is to recover from defendants one half the sum so paid them by Wilcox.

The court gave the jury this instruction:

"If the jury find from the evidence that defendants represented to plaintiffs that the property in question could be purchased at the price of $225,000, and no less, and agreed with plaintiffs to join them and Barillo in purchasing same at that price, and the sale was consummated at that price, plaintiffs each buying one fourth, and defendants jointly one fourth, and that

Barillo at that time and before had an option upon the property at that price with agreement between them and Barillo to divide any commission for the sale received by Barillo from the vendor, and plaintiffs were ignorant of that fact until after the sale; and that defendants did receive from the vendor an amount of money as commission for making the sale, plaintiffs are entitled to one half of the amount so received by defendants with interest thereon at six per cent per annum from the time it was received."

The court refused this instruction asked by defendants:

"The court instructs the jury that notwithstanding you may believe from the evidence that the amount received by these defendants from James Wilcox, the vendor of the range and cattle in question, was a part of the purchase price of said property, which was the basis of the partnership consummated October 30, 1883, known as the Trinidad Cattle Company, these plaintiffs are not entitled to recover such assets in their own name and your verdict must be for defendant, unless you believe from the evidence defendants were acting as agents of plaintiffs in their individual capacity."

The verdict and judgment were for plaintiff and defendants appealed.

I.    The agreement between these parties to act together in the purchase of the property in question, placed upon each the obligation to act with perfect fairness and good faith to his associates.  No one of them could justly obtain a secret individual advantage over another.  Each had the right in the absence of any contrary agreement to rely upon the others to secure the property on the best terms possible.  To apply any other rule of conduct in such case would open the door to fraud and collusion between the seller and any one of the purchasers who might be willing to deceive

his associates and impose terms upon them, which, if uninfluenced, they might be unwilling to accept. One might yield his judgment to that of another and be thus led into a most disastrous agreement.

The relation of these parties, after their association had been agreed upon, was analogous to that of persons who associate themselves for the purpose of organizing a corporation. In such case it is well settled that a relation of trust and confidence exists among the promoters, which requires each to make full disclosures to the others of all profits made, and forbids speculations at their expense. *South Joplin Land Co. v. Case*, 104, Mo. 579, and cases cited.

The principle is thus expressed in a recent case: "It is an undoubted rule of law that where two or more persons associate themselves for the purpose of purchasing property, and one of them represents to the others that particular property can be bought for a designated price, which he procures to be paid by his associates, when in fact he receives a difference between said sum and a less one, he may be compelled to account for such difference without any rescission of the contract, and although the property may be worth all or more than was paid for it." *Yale Gas-Stove Co. v. Wilcox,* 64 Conn. 101, and cases cited.

The instruction given by the court declares correct principles of law.

II. The record contains an express waiver of all objections on account of misjoinder of parties. No objection on that account was made by answer or demurrer, and such defects, if they exist, must, under the express terms of the statute, and independent of the stipulation, be taken as waived. R. S. 1889, sec. 2047.

Defendants do not now make formal objection to the proceedings, on account of misjoinder, but they do

object to the form of the action. They insist that the commission received by defendants was on partnership account, and the action should have been in equity for an accounting by defendants as partners.

We do not think this objection tenable, for the reason that the partnership agreement was not finally consummated until after the property had been purchased and the wrongs complained of accomplished. The agreement recites that "said parties have this day purchased from said Wilcox" the property. It further recites that "said parties are the owners of said property," and defines the interest held by each. The property was not transferred by Wilcox to the partnership, but to each individual the interest purchased and paid for by him. The transaction, out of which the cause of action arose, was an individual and not a partnership matter, and objection to the form of the action can not be sustained.

III. The petition states the facts upon which plaintiffs predicate a right to recover. The charge in conclusion is that defendants were, in the purchase of the property, acting as the agents of plaintiffs. Defendants now insist that the question of defendants' agency was not submitted to the jury under the instructions.

Whether an agency exists, under an ascertained state of facts, is a question of law to be determined by the court. The province of the jury is to find whether the facts necessary to establish an agency exist. Assuming that the evidence, as to the relation of those parties to each other, was conflicting, the jury should only have been required to find what the evidence established in that respect. To have instructed them, as requested by defendants, that there could be no recovery unless defendants were acting as agents of plaintiffs, without informing them what facts would

constitute an agency, would have been a submission of questions of both law and fact to the jury, which would have been improper.

The instruction given by the court requires the finding by the jury of all the facts necessary to impose upon defendants the duty of acting in good faith and fairness to their associates in the purchase of the property and that there was a disregard and breach of that duty. The real question is whether, under the facts submitted for finding by the jury, the relation of defendants to plaintiffs was such as to impose upon them the duty which is required of one sustaining a fiduciary relation to another. The question is answered affirmatively in the first paragraph of this opinion. The judgment is affirmed. All concur.