WILLIAM G. SPIERS *et al.*, Respondents, v. AARON WOODHILL, Appellant.

### St. Louis Court of Appeals, May 18, 1897.

1. **Replevin:** INSTRUCTION. In replevin to recover a church organ, an instruction that if the jury believed that the organ was a donation, bought with the proceeds of donations made to the church from which plaintiffs' grantor purchased, plaintiffs were entitled to recover, though error in submitting to the jury a question of law, was not prejudicial error, where there was no question as to the manner of its acquisition, and the deed, by use of the word "donations," afforded evidence that it was so regarded by the church trustees making the deed.

2. ——: ——. And an instruction that if the jury believed that the organ was the property of the original grantor by donation at or prior to the date of the deed to plaintiffs' grantor, then, by the terms of the deed, the title passed to him, and it was immaterial whether the organ was in the church or not at the time of the execution and delivery of the deed to plaintiffs, was not error, where there was no satisfactory evidence that the original grantor owned any other property which might be classed as a "donation," and the admission of parol evidence, the effect of which was to prove that the word was used without any purpose, was probable error.

*Appeal from the Warren Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*C. W. Wilson* for appellant. .

The court's instruction number 1 is erroneous in failing to explain or define what constituted a "donation." *Boogher v. Neece*, 75 Mo. 383; *Scott v. Allenbaugh*, 50 Mo. App. 134, 135.

*Peers & Morsey* and *Walker & Jourdan* for respondents.

The court properly excluded the testimony offered by defendant, including that of witness Herr, to the effect that the organ was not included in the sale to Vardeman. *Welsh v. Edmisson,* 46 Mo. App. 282; *Tracey v. Iron Works,* 104 Mo. 193; *Wood v. Murphy,* 47 Mo. App. 539; *Morgan v. Porter,* 103 Mo. 135.

It was entirely unnecessary to define the word "donations" in the instructions given, which correctly declared the law. *Warder v. Henry,* 117 Mo. 530; *Brewing Co. v. Linch,* 51 Mo. App. 478.

The questions of fact having been submitted to and passed upon by the jury, its finding will not be disturbed, unless there is a total failure. *State v. Fisher,* 124 Mo. 462; *State v. Punshon, Id.* 448.

BIGGS, J.—The plaintiffs, who are the trustees of the Baptist church at Pauldingsville, seek to recover possession of a church organ. It was taken from the possession of the defendant and delivered to them. In 1891 the First Congregational church of St. Charles county owned a church building and two acres of ground at Pauldingsville. It also owned the organ in question. On the fifteenth day of October, 1891, the trustees of the congregation sold and conveyed to W. H. Vardeman the church building and land, "together with all donations and legacies that have been made by any person or persons whatsoever to the First Congregational church of St. Charles county, Missouri, located at Pauldingsville in said county." The above is the language of the deed. Subsequently Mr. Vardeman conveyed the property to the plaintiffs as trustees aforesaid. The same description was inserted in his deed. It is claimed by the plaintiffs that the organ

was a donation to the Congregational church and that, therefore, the deed of the trustees of the Congregational church passed the title of the instrument to Vardeman. The contentions of the defendant are that the organ was not a donation, and that if it was, it was not the intention of the parties to include it in the sale. The defendant is one of the trustees of the Congregational church, and he is one of the parties who negotiated the sale to Vardeman. Concerning the acquisition of the organ the defendant made the following admission of record, to wit: "Defendant admits that the old organ in the Congregational church was sold and the proceeds arising therefrom together with other contributions and donations by various persons were used for the purpose of purchasing a new organ for the First Congregational church. * * *. And the organ in controversy is the one so purchased." As to the same matter the defendant testified as follows: "By different sorts of entertainments and festivals the Congregational church made $45, and they had an old organ in the church which they sold for $15, that made $60, and in different temperance meetings, by way of admissions and contributions, they received $10, making $70; then several other subscriptions were added, making in all $82.50, the cost of the organ; that is the way the church came in possession of it." Whether the organ was in the church at the time of the sale to Vardeman is a matter of dispute under the evidence. The defendant and several of his witnesses testified that prior to the sale to Vardeman the trustees of the Congregational church had determined to dissolve the organization, and with that in view and before the sale to Vardeman, the organ had been removed to the house of the defendant. The jury found the issues for the plaintiffs. The usual

judgment was entered and the defendant has appealed. He complains of the instructions.

The court instructed the jury that if they found and believed from the evidence "that the organ in question was a donation or bought with the proceeds of donations made by any person or persons whomsoever to the said First Congregational church, then said organ is and became the property of the plaintiffs and they are entitled to recover in this action." This instruction is wrong. It submits to the jury a question of law. It was for the court in the first instance to decide as a matter of law whether the evidence relied on by the plaintiffs was sufficient (if true) to make the organ a donation. If the court so believed, then the jury should have been told what facts were necessary to establish a donation, and if in their opinion the evidence established such facts, then their finding as to that issue should be for the plaintiffs. Thus in *Seehorn v. Hall*, 130 Mo. 257, it was decided that "whether an agency existed, under an ascertained state of facts, is a question of law to be determined by the court. The province of the jury is to find whether the facts necessary to establish an agency existed." Whether the organ is or is not a donation, depends upon the manner of its acquisition. As there is no dispute as to this, the error in the instruction was nonprejudicial, provided the evidence was sufficient to authorize the submission of the question at all. The latter proposition is the important question. It is insisted by counsel for defendant that the organ can not be treated as a donation for the reason that the profits arising from the church entertainments and festivals and out of which the organ was mostly paid, were not donations to the church. The argument is that the patrons of such entertainments receive some value for their money,

INSTRUCTION.

therefore what they may have paid can not be regarded as contributions or donations.

The difficulty is that counsel treats a donation as a gift. A donation usually means a gift, but it need not have all of the essentials of a gift. A gift must be without a consideration, but a donation may be for a consideration. A gift must be entirely executed; a donation need not be. Thus in *Hooker v. Wittenberg College*, 2 Cin. 353, it was held that a statute authority to a college to receive donations empowers it to take a subscription payable in the future. So a donation may be for a consideration. Thus an undertaking by a town to donate money to assist in paying for a bridge, provided the plaintiffs would by a certain day erect the bridge, was held to be a donation or an agreement to give for a consideration. *Gooden v. Beloit*, 21 Wis. 636. These authorities show that the defendant argues from a wrong premise. It is understood that church entertainments are always given for some charitable object or for the purpose of securing financial aid for some church work. The primary object of those who patronize them is to make contributions to the good work. What they may receive by way of refreshments is treated as a matter of no consequence. Therefore we think that money acquired in this way is rightfully regarded as having been contributed or donated to the church organization, and whatever may be bought with the money must be treated as having come to the church in a like manner. Again, it is evident from the deed and the facts in evidence that the trustees of the Congregational church so regarded the organ. The deed speaks of "donations and legacies" to the church. There was evidence tending to prove that some lady had bequeathed something to the church, which accounts for the use of the word "legacies." As

the organ was the only property to which the word "donations" could possibly apply, the use of that word ·in the deed is some evidence that the officers of the church regarded the organ as a donation to the church. Hence our conclusion is that the error in the instruction will not justify a reversal of the judgment.

The defendant also complains of the third instruction given by the court, which is as follows: "(3) The court instructs the jury that if they believe INSTRUCTION. from the evidence, that the organ in question was the property of the First Congregational church by donation at or prior to the date of the deed from said congregational trustees to Vardeman, then, by the terms of said deed, the title to said organ passed to said Vardeman, *and it is immaterial whether the said organ was or was not within the church walls at the time the deed to plaintiffs was executed and delivered to them.*"

We wish to discuss only the italicized portion of the instruction. The evidence as to the location of the organ was directed exclusively to the time Vardeman purchased, whereas the instruction tells the jury that it was immaterial that the organ was not in the church building *when plaintiffs bought.* The question was what did Vardeman buy, as it was conceded that whatever passed by the deed to him was subsequently conveyed by him to plaintiffs. Now, if the defendant's evidence as to the location of the organ at the time of the sale was relevant and competent evidence in determining whether the title to the organ passed by the deed to Vardeman, it is clear that the instruction complained of was misleading and prejudicial. The question then is, was this evidence competent and relevant. It was certainly not admissible to contradict or detract from the deed. Was it admissible as an aid in ascertaining the meaning of the parties as to

the subject-matter of the deed? My associates are clearly of opinion that the evidence was inadmissible for any purpose and that the direction of the court was right, whether the evidence was directed to the one sale or the other. I have some difficulty at this point. It is a rule in regard to all written contracts that they are to be interpreted according to their subject-matter, and such evidence, when received, may authorize an interpretation different from that the instrument would receive, if considered in the abstract. 1 Greenleaf on Evidence, 286. Now, if there was other donated property to which the deed could apply, I think that it would have been competent for the defendant to show that prior to the purchase by Vardeman the trustees of the Congregational church had permanently removed the organ from the church building and that it was no longer used for church purposes. These facts would have some tendency to prove that it could not have been *intended* by the parties that the organ should pass by the deed; or, stating the proposition differently, as the evidence conclusively showed that the organ was a donation, the deed when considered in the abstract would be held to pass title to the organ, but when considered relatively, that is, in connection with the situation of the property at the time of the sale to Vardeman, there might be room to hold that the parties to the deed had a different intention. But as before stated there is no satisfactory evidence that the Congregational church owned any other property which might be classed as a donation to it. As the trustees in their deed to Vardeman certainly meant something by the use of the word "donations," the admission of the parol evidence was probable error, as the practical effect of it was to prove that the word was used inadvertently or without any purpose. Looking at the question from this standpoint,

I am inclined to the opinion that the instruction of the court was right. The judgment of the circuit court will therefore be affirmed.

All concur.