————o————

ANN A. EYSTRA (formerly ANN A. HADLEY) *et al.*, Plaintiffs in Error, *vs.* JOHN P. CAPELLE, Defendant in Error.

1. *Evidence—Deed—Consideration—Proof to show other than that named—What required.*—To show that the consideration for a deed was other than that named in it, the evidence must be of the most clear and satisfactory character.

2. *Husband and wife—Agency—Estoppel.*—An unauthorized arrangement by her husband in reference thereto, will not estop the wife from asserting a claim.

3. *Agency of husband for wife—Proof, what requisite.*—To establish an agency of the husband on behalf of the wife, the evidence must be cogent and strong and more satisfactory than would be required between persons occupying different positions.

### Error to St. Louis Circuit Court.

R. H. Musser, for Plaintiffs in Error.

Henry C. Berry, for Defendant in Error, cited Jackson vs. Stephens, 16 Johns., 110; 2 Sm. Lead. Cas., 751, and note; 38 Mo., 555; Babcock vs. Booth, 2 Hill., 181; Maguire vs. Maury, 1 B. Mon., 221; 2 Kent. Com., 168–179; 7 Barb. 388; 1 Greenl. Ev., 33; Herm. Estop., 269, § 248.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff's action is founded on an alleged indebtedness to her by the defendant, growing out of the sale and convey-

ance of certain lands lying in the State of Illinois. It is claimed that she and her husband, now deceased, executed the deed for the consideration of three thousand dollars, which was to be paid to them, and for which this suit is brought, and that the land was her sole and separate property. Defendant admits that the consideration named in the deed was three thousand dollars, but says that its receipt by the grantors was acknowledged therein, and for a further defense says, that, at the time the land was conveyed to him, it was about to be sold under a mortgage or deed of trust made by plaintiff and her husband, for about twelve thousand dollars, and that plaintiff's husband repeatedly called on defendant to induce him to pay off the notes, representing that the land was worth greatly more than the incumbrances upon it, and that it was finally agreed between them that the defendant should pay off the incumbrances, and if plaintiff's husband should be able within ten years to find a purchaser at a higher price than the whole mortgage debt, then defendant would give one-half of such excess in price to the said husband. He also says that the three thousand dollars mentioned in the deed was merely a nominal consideration, it being claimed that the lands were worth that amount in excess of the obligations assumed by him. It appears in the record that, at the time the lands were sold and conveyed, Hadley, the plaintiff's husband claimed the lands as his own by virtue of a conveyance from plaintiff, but it is admitted here that the deed was a nullity, and the whole chain of title was of record, showing that it was vested in the plaintiff. The defendant was not acquainted with the plaintiff, and the negotiations were all conducted with the husband, on the hypothesis that it was his land. There was no evidence to show that plaintiff was at all cognizant of or had any knowledge of the pretended agreement set up by the defendant. Defendant and his son both testified to the agreement that, they say, was made with Hadley, and a paper was introduced, signed by him, in which it was stated that he agreed to sell to defendant the farm ; defendant agreeing to take up five notes of $2,100 each and in-

terest, and to give him the opportunity to redeem by his refunding what defendant might have paid, and dividing proceeds when sold. On the corner of this agreement are marked the figures "$14,000." This agreement, though found among the papers, is not copied in the bill of exceptions, and is not properly a part of the record. But, if we take it into consideration, we cannot see that it helps the defendants. It is dated on the 15th day of June, 1868, and the deed was not made till the next day, the 16th, and not acknowledged till the 18th, three days thereafter. The deed was a later instrument, the solemn act of all the parties, and says nothing about the conditions. Besides, inferentially at least, both instruments show the same consideration.

The five notes of $2,100 each, we may reasonably presume, with interest, amounted to about $11,000; add to this the three thousand dollars inserted as the consideration in the deed, and it will make the sum of $14,000, which we find marked on the written agreement. This is a strong circumstance to show what was contemplated, and in the minds of the parties. But the deed afterwards made and executed sets out the whole consideration, to-wit: three thousand dollars, to be paid plaintiff and her husband, and the assumption by the defendant of the incumbrance on the property.

The character of the deed could only be altered by the most clear and satisfactory testimony. (Worley vs. Dryden, 57 Mo., 226.) No attempt is made to bring any knowledge of the pretended agreement home to plaintiff and therefore no principle of estoppel can apply, for she did nothing to invoke it. An unauthorized arrangement made by her husband could not deprive her of her property. No agency can be implied, for the rule is, that to establish an agency for the wife on the part of the husband, the evidence must be cogent and strong, and more satisfactory than would be required between persons occupying different relations. (2 Bish. Mar. Wom., § 396; Rowell vs. Klein, 44 Ind., 291; McLaren vs. Hall, 26 Iowa, 297. Plaintiff was a party to nothing but the deed, and hence she is bound only by its terms. She and the

defendant agreed upon the consideration, and that was that she was to receive three thousand dollars in cash, and defendant, in addition, was to pay off the incumbrances against the property. The latter part of his obligation he has discharged, but the $3,000 he has never paid and plaintiff is entitled to it. The judgment at special term was for plaintiff, but that was reversed at general term.

The judgment at general term will now be reversed, and that at special term affirmed.

Judges Napton and Sherwood concur. Judges Vories and Hough absent.