LEE v. PUBLISHERS GEORGE KNAPP & COMPANY, *Appellant.*

Division One, February 9, 1897.

1. **Practice:** NONSUIT. The trial court will, on the application to nonsuit plaintiff, indulge in his favor every inference of fact which the jury may draw.

2. ———: NEGLIGENCE: QUESTION FOR JURY. It is a question for the jury whether there is negligence in running an elevator, operated by a boy fifteen years of age, and having an excessive lateral vibration with the exit unguarded and a space opposite it at each floor cut into the wall of the shaft with a door at the rear leading to the hallway so that a passenger losing his balance while the elevator is in operation can fall down the shaft.

3. ———: VERDICT: NEW TRIAL. The supreme court will not interfere with the discretion of the trial court in awarding a new trial because the verdict was the result of prejudice, partiality, or misapprehension of the evidence, unless it plainly appears that such discretion was arbitrarily or unreasonably exercised.

VOL. 137 mo—25

·4. ———: ———: ———: QUANTUM OF DAMAGES. Where the damages awarded the plaintiff in an action for personal injuries are so small as to induce the belief that the verdict was the result of prejudice, partiality, or the omission of the jury to decide all the issues, the verdict is properly set aside.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*A. & J. F. Lee* for appellant.

Appellant contends that the trial court erred in granting the new trial for the following reasons: *First.* The plaintiffs have no cause to complain in any event as the verdict on the evidence should have been for defendant. *(a)* No evidence or inference of defendant's negligence. *Overholt v. Vieths,* 93 Mo. 422; *Blanton v. Dold,* 109 Mo. 64; *Randle v. Railroad,* 65 Mo. 325; *Smilie v. St. Bernard Dollar Store,* 47 Mo. App. 402; *O'Brien v. Western Steel Co.,* 100 Mo. 182; *Troth v. Norcross,* 111 Mo. 630; *Haynes v. Trenton,* 108 Mo. 123; *Alcorn v. Railroad,* 108 Mo. 81; *Porter v. Anheuser-Busch,* 24 Mo. App. 1; *Smith v. Railway,* 69 Mo. 32. *(b)* No proximate cause and the injury not reasonably anticipated. Wharton on Negligence, secs. 18 and 213; *O'Malley v. Railroad,* 113 Mo. 319; *Greenland v. Chaplin,* 5 Ex. 248; *Gerhard v. Bates,* 2 Ell. & Bl. 490; Cooley on Torts, p. 69; Bishop on Noncontract Law, sec. 43; Shearman & Redfield on Negligence, sec. 57; *Porter v. Anheuser-Busch, supra; Snelling v. McDonald,* 14 Kan. 292; 1 Sutherland on Damages, 23; *Hicks v. Railroad,* 46 Mo. App. 304. *(c)* The elevator not a common carrier of passengers. R. S. 1889, sec. 4425; Thompson on Carriers of Passengers, sec. 1, p. 26; *O'Brien v. Western Steel Co.,* 100 Mo. 182. *(d)* The only possible inference is that the contribu-

tory negligence of deceased was the direct cause of his death. *Weber v. Railway,* 100 Mo. 194; *Carroll v. Rapid Transit Co.,* 107 Mo. 653; *Nelson v. Railroad,* 68 Mo. 593; *Strauss v. Railroad,* 75 Mo. 185; *Corcoran v. Railroad,* 105 Mo. 399; *Gleason v. Excelsior Mfg. Co.,* 94 Mo. 201; *Barton v. Railroad,* 25 Mo. 253; *Lenox v. Railroad,* 76 Mo. 86; *Smith v. Citizens R'y Co.,* 52 Mo. App. 36; *Fugler v. Bothe,* 117 Mo. 475; *Aldrich v. Furnace Co.,* 78 Mo. 558; *O'Brien v. Western Steel Co.,* 100 Mo. 182. *(e)* Lee's minority did not preclude his being guilty of contributory negligence. *Ridenhour v. Railroad,* 102 Mo. 270; *Wilmott v. Railway,* 106 Mo. 535; *Lynch v. Railroad,* 112 Mo. 420; *McCarthy v. Railroad,* 92 Mo. 536. *Second.* The court had no right to interfere with the jury's determination of the measure of damages in an action for personal torts, especially had it no such right in an action for loss of services from the death of a son where nothing can be recovered for mental anguish. *Gregory v. Chambers,* 78 Mo. 294; *Dowd v. Air Brake Co.,* 34 S. W. Rep. 493; R. S. 1889, sec. 4427; *Pritchard v. Hewitt,* 91 Mo. 547; *Leahy v. Davis,* 121 Mo. 227; *Boggess v. Railroad,* 118 Mo. 328; *Parsons v. Railroad,* 94 Mo. 286; 2 Thompson on Negligence, p. 1271; *Phillips v. Phillips,* 34 N. J. L. 208; *Shoff v. Wells,* 1 Neb. 168; 15 Am. and Eng. Ency. of Law, p. 683; *Brown v. Railroad,* 51 Mo. App. 192; 1 Shearman & Redfield on Negligence, sec. 137; *Watson v. Harmon,* 85 Mo. 443. *Third.* Any bias or prejudice to invalidate a verdict must appear *aliunde* or *dehors* the verdict, and none is here alleged or shown. *Brown v. Railroad,* 51 Mo. App. 192; *Leahy v. Davis,* 121 Mo. 227. *Fourth.* The order granting a new trial specified clearly erroneous grounds therefore in placing it upon bias and prejudice in the jurors as shown alone by the inadequacy of the verdict. *Millar v. Madison Car Co.,* 130 Mo. 517;

*Milling Co. v. Transit Co.*, 26 S. W. Rep. 704; R. S. 1889, sec. 2246, amended by Acts 1891, p. 7; R. S. 1889, sec. 2241; 20 Am. and Eng. Ency. of Law, pp. 486, 490; *Bank v. Eyer*, 58 Pa. St. 97.

*Virgil Rule* and *A. R. Taylor* for respondent.

(1) Carriers of passengers by elevators are bound to exercise the highest degree of human care for the personal safety of the passengers, in every respect, whether in the construction of the elevator and machinery, or its operation by the attendants. Webb on Elevators, secs. 3, 6, 46; *Mitchell v. Marker*, 62 Fed. Rep. 140; *Treadwell v. Whittier*, 80 Cal. 574; *McGrell v. Office Bld. Co.*, 70 N. Y. 372; *Morrison v. Tel. Co.*, 52 N. Y. 601; *Tousey v. Roberts*, 114 N. Y. 312; *Gierchard v. New*, 65 N. Y. St. 20; *Kentucky Hotel Co. v. Camp*, 30 S. W. Rep. 1010; *Godsell v. Taylor*, 41 Minn. 207; *McGonigle v. Kane*, 20 Colo. 292; *Bank v. Morgolofski*, 75 Md. 432; *Dawson v. Sloan*, 100 N. Y. 620; Laws Mass. 1890, ch. 90; Con. Laws Minn. 1895, ch. 171; 1893, ch. 7, sec. 3; Laws N. Y. 1892, ch. 673, sec. 3; 1890, ch. 398, sec. 8; Laws Penn. 1895, p. 129; Laws Mich. 1893, 126, sec. 8; Laws Conn. 1893, ch. 118. (2) *First.* If from the foregoing statement of facts, quoted from the record, reasonable men might fairly differ on the question of defendant's negligence, it is for the jury to determine, and the court did not err in submitting the question to the jury. *Lee v. Knapp & Co.*, 55 Mo. App. 390; *O'Mellia v. Railroad*, 115 Mo. 205; *Witting v. Railroad*, 101 Mo. 631; *Easley v. Railroad*, 113 Mo. 236; *Lynch v. Railroad*, 112 Mo. 420; *Gratiot v. Railroad*, 116 Mo. 450; *Dowell v. Guthrie*, 116 Mo. 646: *Dixon v. Railroad*, 109 Mo. 413; *Burger v. Railroad*, 112 Mo. 238; *Loemer v. Sedalia*, 77 Mo. 444; *Buesching v. Gas Light Co.*, 73 Mo. 220; *Smith v.*

*St. Joseph*, 45 Mo. 449; *Russell v. Columbia*, 74 Mo. 494; *Barr v. Kansas City*, 105 Mo. 560; *Maus v. Springfield*, 101 Mo. 618; *Boland v. City of Kansas*, 32 Mo. App. 15. *Second.* Contributory negligence, as a matter of law, can not be imputed to a child twelve years old. *Murphy v. Railroad*, 43 Mo. App. 342; *Gass v. Railroad*, 57 Mo. App. 574, and cases cited. (3) The jurors found for plaintiff, but their verdict under the circumstances detailed in evidence and the facts admitted was such as to "shock the understanding" of the trial judge; he was therefore justified in finding that their verdict "was the result of either passion, prejudice or partiality, or that they shrunk from deciding the issues submitted to them." *Fairgrieve v. Moberly*, 29 Mo. App. 151; *Gregory v. Chambers*, 78 Mo. 294; *Spohn v. Railroad*, 87 Mo. 74; *Brown v. Railroad*, 51 Mo. App. 192; *Pritchard v. Hewitt*, 91 Mo. 551; 1 Graham and Waterman on New Trials [2 Ed.], *122 to *126, and *368 and *369; 2 Sedgwick on Damages [7 Ed.], 660, note a; *Welch v. McAlister*, 13 Mo. App. 89; *Whitsett v. Ransom*, 79 Mo. 258; *Garrett v. Greenwell*, 92 Mo. 120; *Caruth v. Richeson*, 96 Mo. *loc. cit.* 192; *Boggess v. Railroad*, 118 Mo. 339. (4) The granting of a new trial rests peculiarly within the discretion of the trial court, that court being of the opinion that this verdict was unconscionable the appellate court will not set aside its action, unless the trial court has abused its discretion. *McDonough v. Nicholson*, 46 Mo. 35; *McKay v. Underwood*, 47 Mo. 189; *Bank v. Armstrong*, 92 Mo. 265; *McCullough v. Ins. Co.*, 113 Mo. 606; *Eidemiller v. Krump*, 61 Mo. 340; *Kennedy v. Holladay*, 105 Mo. 24; *Bank v. Wood*, 27 S. W. Rep. 554; *Gregory v. Chambers*, 78 Mo. 299; *Baker v. Stonebraker*, 36 Mo. 345; *Price v. Evans*, 49 Mo. 396; *Dowd v. Westinghous*, 44 S. W. Rep. 493; *Whitsett v. Ransom*, 79 Mo. 258.

Lee v. Geo. Knapp & Co.

ROBINSON, J.—This is an appeal from an order of the trial court setting aside a verdict and judgment for plaintiff for one cent damages on plaintiff's application, and granting to her a new trial.

Defendant prosecutes this appeal from that order, contending that plaintiff had no cause to complain, as the verdict on the evidence should have been for defendant in the first instance, and that its instruction for a nonsuit as prayed at the close of the case should have been given.

If defendant is right in its contention, then of course plaintiff could not complain as set out in her motion for a new trial: "I. That the verdict and damages assessed are the result of bias and prejudice on the part of the jury and is grossly inadequate and absurd. II. That the verdict is the result of a compromise entered into between the jurors," etc.

We do not think that defendant can fairly maintain itself on that contention, however, and consider the action of the trial court in refusing defendant's instruction asking for a nonsuit against plaintiff at the close of the trial proper.

This case upon the same state of facts, so far as regards plaintiff, was before the St. Louis court of appeals, on an appeal from a judgment against defendant for $1,600, and is reported in 55th volume of our Appeal Reports at page 390, and while there the question as to the sufficiency of the testimony offered on part of plaintiff to warrant the action of the trial court then in submitting the case to the jury was fully discussed, and on that point the trial court was sustained, but the case was reversed and remanded for a new trial on account of error committed in the giving of an improper instruction in plaintiff's behalf.

The statement of facts as detailed by that court

we adopt as the statement in this, as also the conclusion reached on their consideration.

In passing upon an application to nonsuit the plaintiff, which is but a demurrer to the evidence offered in plaintiff's behalf, every inference of fact in favor of the plaintiff from the evidence, which the jury might have inferred with any reasonable degree of propriety, the court must indulge.

The evidence for the plaintiff was that this elevator, from which plaintiff's son fell, was used chiefly after 6 o'clock in the evening for the purpose of conveying messenger boys, with dispatches and telegrams from the various news centers of the city, to the office of the defendant on the fifth floor of its building; that there existed from the time the elevator started on its journey upward or downward, until it reached its destination, an unguarded space or opening in the cage where passengers passed out into the recess in the wall of the elevator chute, before reaching the door, that would permit them to pass into the open hallway leading to and from the elevator, into which persons riding in the elevator were liable to fall if they should stumble or for any cause lose their balance while the elevator was ascending or descending on its journey; that the motion of the elevator was unsteady; that it had an unusual lateral vibration which would cause it to shake "hard, very hard" or "it shook a terrible lot," to use the language of the boy, Willis, who was riding with plaintiff's son at the time he met his death; and that at the time of the accident the elevator was in charge of and being operated by a boy of only fifteen years of age, who, according to his own testimony, was at the time of this accident looking up at a knot in the elevator rope and was only attracted to the position of plaintiff's son in the open recess in the wall of the elevator chute by his cry for help.

While jurors might differ in their conclusions upon these facts, we think it could not be said that they would be wholly unwarranted in drawing an inference of negligence therefrom. .

By legislative enactment in many of the sister states it has been made negligence *per se* to use an elevator cage that is left unguarded at its entrance, or so constructed that a passenger can slip or fall into the open doorway while the elevator is in motion. And, in others, laws have been enacted out of consideration for that high estimate placed upon the life and limb of the citizen required to use these dangerous appliances of modern necessity, making it unlawful to employ a person under the age of eighteen years to conduct and operate an elevator. Thus indicating how reasonable men elsewhere consider the question of the use of elevators with unguarded cage doors and elevators operated by boys of tender years.

If, then, the trial court committed no error in submitting the case to the jury upon the facts as shown, has it erred in setting aside the verdict of the jury as rendered? This court has always held that the granting of a new trial rests peculiarly within the discretion of the trial court, and that as this court will not undertake to estimate the comparative value, or weigh the force of all the conflicting testimony offered at the trial, that it is a high and imperative duty, as well as a discretion, that trial courts should never hesitate to exercise in the interest of fairness and honesty where verdicts have been brought about through bias, prejudice, or partiality, miscalculation upon or misunderstanding of the testimony (to grant new trials) that injustice may be prevented and a literal "veredictum" be recorded; and that this court will not interfere with the exercise of that discretion unless it plainly appears that it has been arbitrarily or unreasonably exercised.

The insertion here of the reasons, in part, assigned by the trial court at the disposition of the motion for a new trial, and the granting of same, is ample, in and of itself, to relieve it from the charge of having arbitrarily or unreasonably exercised its discretion in the premises.    The court said:

"By their verdict the jury found that the boy's death was occasioned by the negligence of the defendant in respect to its elevator.    Having so found, it became their duty, under the law, to ascertain the extent of plaintiffs' injury and award them reasonable compensation therefor.    They were instructed by the court, that if they found for plaintiffs they should assess their damages at such sum as they might believe from the evidence would be a fair compensation for the loss of the services of their son, from the time of his death until he would arrive at the age of twenty-one years, less the cost of his support, and also the necessary expenses incurred for his funeral and burial, not exceeding $5,000.

"And yet, in face of the instructions of the court and uncontradicted evidence showing a net profit of $12 per month to plaintiffs from his wages, an actual outlay by them of $150 for his funeral, the jury assessed the damages sustained by these parents in the loss of the services of their son, at the sum of one cent.    In cases of this nature the general rule is that verdicts will not ordinarily be disturbed merely on account of the smallness of the damages awarded.    But this rule is subject to the exception, that where the damages are such as to induce the conviction that the verdict was the result of either passion, prejudice, or partiality, or that the jury have shrunk from deciding the issues submitted to them, the court should interfere."

The order and judgment of the trial court is affirmed.    All concur.