Clark v. Shrimski.

MRS. M. W. CLARK, Respondent, v. SYDNEY SHRIMSKI, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Bailment**: EVIDENCE: RECEIPT: WRITTEN CONTRACT. Where an action is based on the common law liability of the defendant as bailee, a receipt or written contract given by defendant acknowledging the bailment and the value of the thing bailed is admissible for the purpose of proving that when defendant received the thing bailed he admitted the value to be as stated in the receipt; the value being in dispute at the trial.

2. ———: ———: ———. But the receipt or contract is not admissible to prove the bailment or its terms.

3. ———: ———: ISSUES: INSTRUCTIONS. Where there is some evidence both ways in a case, either party has a right to have the issues submitted to the triers of the facts by appropriate instructions.

4. **Bailment**: BURDEN OF PROOF: PLEADING: NEGLIGENCE. The plaintiff, in the case at bar, by alleging in her statement, that the defendant agreed to safely keep, but did not safely keep the sacque, in substance pleaded that the sacque was lost through the negligence of the defendant. In this state of the pleadings, the burden to prove loss of the sacque through defendant's negligence was on the plaintiff.

5. **Practice, Appellate**: EVIDENCE: VERDICT. Where there is some evidence upon which a verdict can be sustained, an appellate court will not interfere by usurping the province of the jury to weigh the evidence and pass on the credibility of the witnesses.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

T. J. ROWE for respondent.

The only question presented by the record in this case is, did the court err in refusing defendant's instruction that under the pleading and proof plaintiff

could not recover? If the law as declared by this court and the supreme court of this state in a long line of decisions will be followed in this case, then the circuit court did not err in refusing said instruction. See Casey v. Donovan (65 Mo. App. 521 and N. 7011, March term, 1898, of this court); Arnot v. Brancomer, 14 Mo. App. 434; Wiser v. Chisley, 53 Mo. 547; Kincheloe v. Priest, 89 Mo. 243; Goodfellow v. Meagan, 32 Mo. 280; Johnson v. Ruth, 34 Mo. App. 659; Gannon v. Laclede Gas Light Co., 46 S. W. Rep. 968.

MONTAGUE, PUNCH, JONES & HEROLD for appellant.

The receipt offered in evidence constitutes a written contract. Carpenter v. Jamison, 6 Mo. App. 216; Carpenter v. Jamison, 75 Mo. 285. If it is the written contract upon which plaintiff bases her right to recover, it should have been filed in the court below. The record does not show that this was done. So that, if the plaintiff stands on this written contract of bailment, the justice court below has no jurisdiction, nor does the circuit court on appeal. R. S. 1889, sec. 6139; Phoenix Ins. Co. v. Foster, 56 Mo. App. 197; Olin v. Zeigler, 46 Mo. App. 193; McQuoid v. Lamb, 19 Mo. App. 153; Gideon v. Hughes, 21 Mo. App. 525. If, on the other hand, plaintiff stands on the common law liability of the bailee for hire, then the burden of proving a negligent act which led to the loss of a cloak, was upon plaintiff, and if such negligence were not shown, the court should have instructed that the plaintiff is not entitled to recover. McCarthy v. Wolfe, 40 Mo. 520; Cummings v. Mastin, 43 Mo. App. 558; Winston v. Taylor, 28 Mo. 85; Perry v. Beardslee, 10 Mo. 568; Beardslee v. Perry, 14 Mo. 94. There is not a syllable of proof of that character in the record. If plaintiff stands on the clause in the receipt as follows:

"We guarantee the above property against loss or damage by fire, moths or theft while in our possession," then she can not recover, because the word theft as used there does not embrace loss occurring through burglary.   Schouler on Bailments, par. 292; Story on Bailments, par. 25, 26, 27 and 28; DeRothschild v. Royal Mail Steam Packet Co., 7 Exch. 734; 4 Lawson's Rights, Remedies and Practice, par. 1730.   Ever since the leading case of Halyard v. Dechelman, 29 Mo. 460, it has been the law of this state that a bailee for hire is bound to use only ordinary diligence in ˙ ˌe keeping of property intrusted to him for that purpose.   Casey v. Donovan, 65 Mo. App. 521, which is the first case cited, involved the bailment of a horse, and the court held, ROMBAUER, P. J. (p. 526): "That it was error to instruct that the burden is upon the defendant to show that he had exercised such ordinary care in driving said horse at the time he was killed."   The court further said (p. 527):   "The defendant under all the evidence was a hired bailee of the class known as agistors.   As such, he was bound to use ordinary care in keeping and using the horse, but was not an insurer of the property intrusted to his care.   It is true that the cases above cited (namely, the cases of Arnot v. Branconier, 14 Mo. App. 434; Wiser v. Chisley, 53 Mo. 547; and Kincheloe v. Priest, 89 Mo. 243, all cited in respondent's brief), properly hold that the bailor makes out a *prima facie* case by showing that property delivered to the bailee was not returned to him on demand.   This is on the theory that the bailee's failure to account for the loss in any manner raises the presumption that the loss was due to his own negligence.   The *prima facie* presumption in such a case satisfies the burden of proof which rests with the bailor.   The instruction in effect tells the jury that the burden was upon the defendant to show that

he was not guilty of negligence, for which we believe there is no warrant in any well considered case.

BLAND, P. J.—The suit was commenced before a justice of the peace; the complaint stated in substance, that plaintiff on April 18, 1896, was the owner of a seal sacque of the value of $200; that on said day she delivered the same to defendant to safely keep for hire; that defendant received the sacque and agreed to safely keep the same for $5 to be paid, and to return the same on September 15, 1896; that defendant did not safely keep the same and return same to plaintiff on September 15, 1896, and has not returned the same, although often requested to do so. Judgment by default was entered by the justice against defendant, from which he appealed to the circuit court. The issues on the trial in the circuit court were submitted to the judge of the court, sitting as a jury, who found the issues for plaintiff, and assessed her damages at $195. After an unavailing motion for a new trial, defendant appealed to this court, and for a reversal of the judgment assigns the following errors:

I. "The count erred in admitting in evidence the receipt introduced by plaintiff."

II. "The court erred in excluding competent, legal and proper evidence offered by defendant."

III. "The court erred in refusing to give defendant's instruction that on the pleadings and evidence the plaintiff could not recover, because there is no evidence to show that the defendant did not exercise ordinary diligence in the keeping of said property."

The bailment on the terms alleged in the complaint was not denied on the trial, nor was the failure of defendant to deliver the sacque on demand after September 15, 1896, controverted.

I.   On the trial plaintiff offered and read in evidence the following receipt; to which defendant objected and excepted at the time:

"No. 997.   OFFICE SIDNEY SHRIMSKI, 1312 OLIVE ST.,
"ST. LOUIS, Mo., April 18, 1896.

"Received of Mrs. M. W. Clark, 1835 Washington St., one seal sacque (martin trimmed).  Valued at $200. Charges: Storage $1; insurance $4; total $5.

"We guarantee the above property against loss or damage by fire, moths or theft, while in our possession. In the event of damage caused by fire the undersigned will be liable in the sum allowed by insurance companies, which sum we guarantee to cover all such damages.   This receipt is not negotiable, and the above property will be only delivered to the order of the above and return of this receipt.  Goods not called for by September 16, 1896, will incur additional charges.   (Signed)

"SIDNEY SHRIMSKI, per S. P. S."

Defendant's contention at the trial and here is, that the receipt is a written contract between plaintiff and defendant, was not sued on, nor filed before the justice, and is for that reason inadmissible as evidence.   The instrument *is more* than a receipt, it is a written contract, in that it sets forth the bailment and the terms on which the article bailed was received.   Carpenter v. Jamison, 75 Mo. 285.   The action was on the common law liability of the defendant as bailee; the written contract therefore was not admissible to prove the bailment or its terms; but we are of the opinion that it was admissible for the purpose of proving that when defendant received the sacque he admitted that its value was $200, the value being in dispute, it was admissible to prove this admission made by the defendant of a fact he disputed on the trial.

ADMISSIBILITY
of receipt in
evidence.

II.   Plaintiff rested her case on proof of the bailment, of the nondelivery of the sacque on demand, when it should have been delivered, and on evidence of its value.   To meet and overturn the plaintiff's *prima facie* case thus made, the defendant offered testimony tending to prove that the doors and windows of his storeroom, in which he had stored the sacque for safe keeping, were securely locked and fastened, and properly guarded at night, notwithstanding which his storeroom was burglarized and the sacque stolen and carried away.   Plaintiff offered no direct evidence to controvert the alleged burglary, but by cross-examination of defendant's witnesses sought to discredit the fact of the burglary and larceny.   At the close of all the evidence the defendant asked the court to give a peremptory instruction that the verdict on all the evidence should be for the defendant;  the court refused to so instruct;  this action of the court defendant assigns as error.   Plaintiff made out a *prima facie* case;  she controverted the fact of the larceny of her sacque;  in this state of the case, there being some evidence both ways, she had a right to have the issues submitted to the trier of the facts.   Lee v. Knapp & Co., 137 Mo. 385.

III.   The defendant's witnesses testified to the character of the fastening of the door of defendant's store, through which it was claimed the burglar and thief effected an entrance.   Defendant offered a police officer as an expert witness to prove that the fastening to this door was sufficient;  the court rejected this evidence;  of this ruling defendant complains.   According to all the evidence on the subject, the fastenings to the door were not broken, but the panels of the door were smashed and broken in;  in this state of the proof, we are unable to see the materiality of the proffered expert evidence.

IV.    The plaintiff, by alleging in her statement that the defendant agreed to safely keep but did not safely keep the sacque, in substance pleaded that the sacque was lost through the negligence of the defendant.   In this state of the pleadings, the burden to prove loss of the sacque through defendant's negligence was on the plaintiff.   McCarthy v. Wolfe, 40 Mo. 520; Winston v. Taylor, 28 Mo. loc. cit. 86.   By proving demand and failure to deliver when delivery should have been made, she proved negligence *prima facie.* Casey v. Donovan, 65 Mo. App. 521.   The instructions given by the court placed the burden to prove negligence on the plaintiff, where it rightfully belonged under the state of the pleadings, and are otherwise correct.   Seemingly, the verdict is against the weight of the evidence.   The evidence that a burglary was committed seems to us to be practically uncontradicted; but the trier of the fact was not bound to believe the witnesses, and as there is some evidence upon which the verdict can be sustained, an appellate court will not interfere by usurping the province of the jury to weigh the evidence and pass on the credibility of the witness. Lee v. Knapp & Co., *supra;* O'Hara v. Railroad, 95 Mo. 662; Schroeder v. Railway, 108 Mo. 322.

Discovering no reversible error in the record, the judgment is affirmed.   All concur.