Kuenzel v. Stevens.

## KUENZEL v. STEVENS, Appellant.

### Division One, March 15, 1900.

1. **Principal and Agent: HUSBAND AND WIFE.** Although the husband contracted in his own name for the building of a house on his wife's lots, yet if he really acted by her authority and caused the house to be built on her account, he was in legal contemplation her agent.

2. ———: ———: **NEW TRIAL: APPEAL: COURT'S DISCRETION.** The facts in this case constitute substantial evidence for a verdict finding that the husband was his wife's agent, and hence the court did not err in setting aside a contrary verdict as not being sustained by the evidence. But the evidence being sufficient to bring the case within the province of the trial judge, in which he was required to exercise a sound judicial discretion in sustaining or overruling the motion for a new trial, and having exercised that discretion by granting it, his action is not subject to review on appeal.

3. ———: ———: **CHARACTER OF EVIDENCE.** Where the question is whether or not the husband was his wife's agent in contracting for the construction of a house on her lots, it, being one not of implied agency but of express authority, is to be decided like all other questions of fact in a civil suit, by a fair preponderance of the evidence. And where inference of the husband's agency is to be drawn from her acts, a due caution is to be observed to distinguish between wifely deference and business conduct. (Distinguishing Eystra v. Capelle, 61 Mo. 578.)

Transferred from St. Louis Court of Appeals.

CIRCUIT COURT JUDGMENT AFFIRMED.

*Ashley Cabell, B. Schnurmacher* and *H. A. Loevy* for appellant.

(1) The court erred in sustaining respondent's motion for new trial on the grounds that the verdict of no lien was against the evidence and also against the weight of the evidence, because there was no evidence that Mrs. Stevens had

any agent. Bank v. Bank, 130 Mo. 161; Garnett v. Berry, 3 Mo. App. 187; Barker v. Berry, 8 Mo. App. 446; Bauman case, 55 Mo. App. 490; Thompson case, 60 Mo. App. 490; Duross case, 78 Mo. App. 265. And no evidence that she had any money of her own, or that if she had money, it was used to pay for the house. Bauman case, 55 Mo. App. 212; McDonnell case, 67 Mo. App. 408; Thompson case, 60 Mo. App. 491; Duross case, 78 Mo. App. 262. (2) The giving of directions by her is not sufficient to create or prove an agency, where the husband has contracted in writing in his own name. Bauman case, 55 Mo. App. 208. (3) To warrant a finding, in the face of the husband's express contract in his own behalf, that he acted as her agent, the evidence must be so clear, cogent and persuasive as to leave no reasonable doubt thereof. Eystra v. Capelle, 61 Mo. 478; Bank v. Bank, 130 Mo. 161; Bridges v. Russell, 30 Mo. App. 258; Bauman case, 44 Mo. App. 393; Thompson case, 60 Mo. App. 491; Mahner case, 70 Mo. App. 387. (4) A plaintiff can not recover on mere conjectures; there must be either direct proof or facts shown from which legitimate and logical inferences may be drawn. Smith v. Railroad, 37 Mo. 292; Breen v. Cooperage Co., 50 Mo. App. 214; Moore v. Railroad, 28 Mo. App. 622.

*Rassieur & Buder* for respondent.

(1) If a trial court is of the opinion that the verdict is against the weight of the evidence, it should never hesitate to grant a new trial. It is its plain duty to do so. Bank v. Wood, 124 Mo. 72; Van Liew v. Barrett, etc. Co., 144 Mo. 514; Reid v. Piedmont, etc., Co., 58 Mo. 430; Rickroad v. Martin, 43 Mo. App. 603; Cook v. Railroad, 56 Mo. 308. (2) On the other hand such action of the trial court will not be reversed by an appellate court unless the trial court has, in granting a new trial, acted arbitrarily or oppressively, or has

been guilty of an injustice. Van Liew v. Barrett, etc. Co., 144 Mo. 515; Scott v. Smith, 133 Mo. 618; Miller v. Madison, 130 Mo. 529; Parker v. Cunningham, 130 Mo. 348; Bank v. Wood, 124 Mo. 77; McCullough v. Phoenix Ins. Co., 113 Mo. 619; Bank v. Armstrong, 92 Mo. 280; Eidemiller v. Kump, 61 Mo. 340; McKay v. Underwood, 47 Mo. 187. (3) Even then an appellate court will not interfere, unless it plainly appears that the action of the trial court in granting a new trial is subject to such an objection. Eidemiller v. Kump, 61 Mo. 340; Bank v. Armstrong, 92 Mo. 280; Parker v. Cunningham, 130 Mo. 350; Van Liew v. Barrett, etc. Co., 144 Mo. 515; Bank v. Wood, 124 Mo. 72. (4) A married woman can be held for the buildings on her land whenever she has contracted therefor, either directly or through an appointed agent. Garnett v. Berry, 3 Mo. App. 197; Carthage M. & W. L. Co. v. Bauman, 55 Mo. App. 204; Thompson v. Kehrmann, 60 Mo. App. 488; McDonnell v. Nicholson, 67 Mo. App. 408.

VALLIANT, J.—This is an appeal from an order of the St. Louis Circuit Court granting a new trial. The appeal was in the first instance taken to the St. Louis Court of Appeals, where the judgment of the circuit court was reversed, but one of the judges deeming the decision in conflict with that in First Nat. Bank v. Wood, 124 Mo. 72, the cause was certified to this court.

It is a suit to enforce a mechanic's lien against the real estate of defendant Phoebe G. Stevens for the value of materials furnished to the contractor, and used in the construction of a dwelling built upon her land in pursuance to a contract made by her husband with the contractor, upon the theory that the husband in making the contract, although doing so in his own name, was the agent of his wife. Upon the trial there was a verdict for the plaintiff against the contractor for the amount claimed, $449.36, but the verdict was for no lien

against the property. The plaintiff moved to set aside the verdict of no lien, upon the ground that it was against the evidence and against the weight of the evidence; the court sustained the motion on both grounds, from which order Mrs. Stevens has prosecuted this appeal.

The only question for our consideration is in relation to the action of the circuit court in granting a new trial. The testimony showed the title to the land to be in Mrs. Stevens by deed of general warranty, dated September 3, 1894; that in October of that year her husband engaged the services of a firm of architects who prepared plans and specifications, in accordance with which, on the 20th of that month, a contract in writing was made for the construction of a dwelling on the land, which contract ran in the name of C. N. Stevens, who is the plaintiff's husband, as one party, and Nicholson Brothers, builders, as the other party, no reference to Mrs. Stevens nor to the ownership of the land being made in the contract. Plaintiff furnished to Nicholson Brothers the materials stated in the petition, which were used in the construction of the building, and the same not being paid for, a mechanic's lien in due form was filed, and notice given. The only controversy as to the facts with which we are concerned on this appeal, relates to the alleged agency of the husband.

Although he acted in his own name, yet if he was really acting by authority of his wife and causing the house to be built on her account, he was in legal contemplation her agent.

The testimony for plaintiff tended to show that Mrs. Stevens exercised a good deal of authority in the plans and construction of the building. Whether these acts of hers were by permission of her husband, and attributable to a wifely interest in her husband's affairs, or were from a conscious assertion of her own rights, the trial judge and jury had to decide from the circumstances. Mr. Stevens engaged the architects, and as between them nothing was said as to the ownership of the property, but before the drawings were con-

cluded Mrs. Stevens saw the architects, discussed the plans and details, and gave them her views. When the contractors were ready to begin, she requested that the work of excavation wait until she arrived on the ground, as she desired to break the ground with the first shovelful of earth herself, and did so. She visited the plaintiff's planing mill, in company with her husband, to inspect the millwork that was to go into the house, found fault with some of it, and had it changed to suit her. She was at the building almost every day, criticized what she disliked, and had changes made; when her attention was drawn to a china closet and its details explained to her she expressed her disapproval, and said she would instruct the architect to change it, and it was done. Other changes were also made at her direction. Although Mr. Stevens was sometimes at the building with his wife, yet she did the most of the talking and gave most of the orders, and she was frequently there without him. Neither Mr. nor Mrs. Stevens went on the stand as a witness, but suffered the circumstances to speak and inferences to be drawn, while they, who alone knew the real fact, remained silent.

It is unnecessary for the purposes of our present inquiry, to set out the evidence. It was of the character above mentioned, and although the jury thought it was not sufficient to establish the agency of the husband, the trial judge thought differently, and set their verdict aside. And we gather from both the opinions of the learned judges of the St. Louis Court of Appeals, that in the case of another plaintiff against these same defendants, in which the evidence, with only a slight difference, was the same as in this case, that court held it was sufficient to sustain a verdict for the plaintiff establishing the lien. [McDonnell v. Nicholson, 67 Mo. App. 408.]

Since the Act of 1891, granting the right of appeal from an order sustaining a motion for a new trial, the duty of this court in reviewing the action of the trial court in granting a new trial on the ground that the verdict was against the weight

of the evidence has several times come before us for consideration. The cases involving that subject have very recently been reviewed by this court in an opinion by MARSHALL, J., in Haven v. Railroad, 155 Mo. 216, in which the conclusion reached is thus stated: "The Acts of 1891 and 1895, as above shown, only bring the ruling of the trial court on the motion for new trial to this court for review, before final judgment instead of afterwards, as was formerly the case. No other change in procedure is expressed or contemplated by those acts. The case is here on appeal and the usual and immemorial appellate practice must obtain. It is here for review on matters of law, not on the weight of the evidence, nor for this court to substitute its discretion for the discretion of the trial court."

In First Nat. Bank v. Wood, 124 Mo. loc. cit. 77, it is said: "When there is a substantial conflict in the evidence we should no more interfere with the action of the circuit court in granting a new trial than we should, in such case, interfere with the verdict which has been approved by that court."

There is no more important power for the promotion of justice than that intrusted to the trial court in the matter of granting a new trial. It is a power to be exercised with great care, and no one is so well informed as to how the discretion should be used as the trial judge. It is only when it very clearly appears that a wise discretion has not guided his action, that an appellate court should interfere.

Whatever difference of opinion there may be as to the side to which this evidence gravitates, there can be no doubt but that the evidence in support of the plaintiff's theory was of character sufficient to be denominated substantial, and therefore applying the principles above stated the appellate court should not disturb the order of the trial judge made in the exercise of a discretion which is within his province alone.

In the majority opinion of the St. Louis Court of Appeals, in this case reference is made to the case of Eystra v.

Capelle, 61 Mo. 578, from which the following quotation is made as the rule of evidence to govern here: "To establish an agency of the husband on behalf of the wife, the evidence must be cogent and strong and more satisfactory than would be required between persons occupying different positions." Even if that principle should control in weighing this evidence, it is still a question of the weight to be given it, and is within the peculiar province of the trial judge, when the motion for a new trial is before him. But that rule is not of such universal application as that it governs in every case of conflicting evidence touching a husband's agency for his wife. In Long v. Martin, 152 Mo. 668, Eystra v. Capelle, *supra*, is commented on in connection with other cases holding the same doctrine, and whilst the precise rule above quoted is there approved, it is construed to be limited to the kind of cases in which the rule was laid down and in that connection we said: "We recognize the wisdom and justice of the principles announced in the case above referred to.  It would be very unjust to draw the same inferences from a married woman's behavior in reference to her husband's management of her property as we would naturally draw from the conduct of parties not bearing that relation to each other."   But where, as in that case, it was not a question of implied agency, but of express authority, the question was to be decided like all other questions of fact in a civil suit, by a fair preponderance of the evidence.

The cases in which the rule as in Eystra v. Capelle, *supra*, was laid down were such in which the effort was to hold the wife personally liable, or her separate estate chargeable, for the contract of her husband, upon the theory that by suffering him to manage her property she held him out to the world as her agent.  And it was held that acts from which an agency might be implied as between others were not always sufficient to justify such an inference in the case of a husband and wife, for manifest reasons, and it is in relation to such proof of

agency that the strong language in the rule above quoted is applicable.

Undoubtedly a husband may make a contract in his own name and on his own credit to improve his wife's property without rendering it subject to a mechanic's lien for the cost. But when a party has furnished materials towards the building and the question as to his right to a lien depends on the fact as to whether the husband undertook the work on his own credit or that of his wife for whose benefit the improvement inures, there is no reason why the question should not be settled by a fair preponderance of the evidence, the burden of proof of course being upon him who asserts the agency, and due caution being observed to distinguish between wifely deference and business conduct, when inference from her acts are to be drawn.

We are of the opinion, therefore, that the rule of evidence quoted from Eystra v. Capelle, whilst correct, as applied to such facts as were involved in that case, is not applicable to a case like this. The evidence for the plaintiff was sufficient to bring the case within the province of the trial judge in which he was required to exercise a sound judicial discretion in sustaining or overruling the motion for a new trial, and having exercised that discretion, his act is not a subject for review.

The judgment of the circuit court is affirmed.

All concur, except *Robinson, J.*, absent.