## LOEVENHART v. LINDELL RAILWAY COMPANY, Appellant.

**Division Two, July 3, 1905.**

**NEW TRIAL: One Dollar Damages..** Where the jury returned a verdict for one dollar as damages to a drunken passenger who was removed from a street car and whose injuries were very severe, this court will not hold that the action of the trial court in granting plaintiff a new trial, was error, or an abuse of its discretion.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Geo. T. Priest* for appellant.

(1) "In trials at common law, the jury are the proper judges of damages, and where there is no certain measure of damages, the court, ordinarily, will not disturb their verdict, unless on grounds of prejudice, passion or corruption in the jury." 2 Greenleaf on Evidence, sec. 255; Boggess v. Railroad, 118 Mo. 338; Dowd v. Air Brake Co., 132 Mo. 579; 1 Graham & Waterman's New Trials, 452. (2) The rule is that in personal actions founded upon tort and sounding merely in damages, a new trial will not be granted on the sole ground of the smallness of damages. Pritchard v. Hewitt, 91 Mo. 550; Gregory v. Chambers, 78 Mo. 294; Watson v. Harmon, 85 Mo. 443; Leahy v. Davis, 121 Mo. 224; Field on Damages, p. 702, sec. 888. (3) If the smallness of the verdict can be accounted for from the facts shown in the record on any other hypothesis than passion and prejudice on the part of the jury, a new trial should not be granted. Gregory v. Cham-

bers, 78 Mo. 298; Jenkins v. Hankins, 41 S. W. 1028. (4) The appellant may submit to the verdict for nominal damages to avoid the expense of a new trial, and the respondent has no grounds for complaint. Brown v. Railroad, 51 Mo. App. 192; Phillips v. Phillips, 34 N. J. L. 208.

*Nathan Frank, Richard A. Jones* and *Max W. Oliver* for respondent.

(1) It is the peculiar and special province of the trial court to set aside the verdict of the jury and grant a new trial whenever that verdict is arbitrary or in disregard of the instructions of the court and manifestly unjust. Lockwood v. Ins. Co., 47 Mo. 50; Reid v. Ins. Co., 58 Mo. 421; Chouquette v. Railroad, 152 Mo. 257. (2) There exists no more important power for the promotion of justice than that intrusted to the trial court in the matter of granting new trials. It is a power to be exercised with great care and no one is so well informed as to how this discretion should be used as the trial judge. It is only when it very clearly appears that a wise discretion has not guided his action that an appellate court will interfere. Chouquette v. Railroad, 152 Mo. 257; Haven v. Railroad, 155 Mo. 215; Kuenzel v. Stevens, 155 Mo. 280. To warrant any interference by the appellate court, it must be shown affirmatively that injustice has been done in granting the new trial, or that the discretion of the trial judge has been unsoundly or arbitrarily exercised. Bank v. Wood, 124 Mo. 72; Parker v. Cassingham, 130 Mo. 348; McClosky v. Pulitzer Pub. Co., 163 Mo. 22. (3) The trial court is best able to determine whether the jury has performed its duty fairly, and, having found that the measure of damages laid down by the instructions of the court has been disregarded by the jury, the trial court may properly grant a new trial of the cause. Lee v. Knapp & Co., 137 Mo. 335; Chouquette v. Railroad, 152 Mo. 257.

GANTT, J.—This is an appeal from the order of the circuit court of the city of St. Louis granting a new trial to the plaintiff.

The action was begun September 16, 1897, and on January 6, 1898, plaintiff filed an amended petition wherein he states in substance that on the 23rd day of July, 1897, he entered one of the defendant's cars for the purpose of being transported as a passenger from Seventh and Washington avenue to his home, and defendant agreed and it became its duty, as a common carrier, to well and safely carry and transport plaintiff from said Seventh and Washington avenue to his place of destination on said line of cars. But that the defendant in violation of its contract aforesaid, and unmindful of its duty, failed to safely carry the plaintiff but, on the contrary, while upon said car as such passenger plaintiff was wickedly, brutally and unlawfully assaulted by the conductor and motorman of said car and forcibly ejected therefrom. And by said assault plaintiff was bruised and marked for life. . That he has suffered great pain in mind and body, and laid out and expended considerable sums of money for physicians, surgeons and medicine, to his damage to the sum of $5,000, wherefore he prays judgment for said sum of $5,000, his actual damages, and $5,000, punitive damages, and costs.

Defendant in its amended answer denies each and every allegation in the amended petition. And for another defense stated that at the time of the commission of the alleged grievance plaintiff entered the car in a drunken condition, and, with two companions, took seats in the car, and the plaintiff then and there began to vomit upon the side,. seats and floor of said car, and the conductor thereof quietly and without unnecessary force removed plaintiff to the rear platform of said car, so that he could vomit over the side of the car and not defoul the same, to the disgust and inconvenience of the passengers then upon or thereafter to come upon

said car. That when plaintiff had been removed to the rear platform his two companions followed, and, after using loud, profane and threatening language towards the conductor, plaintiff and his two companions began to assault, strike and beat said conductor, and except for his acts in self-defense, and with the assistance of the motorman, said conductor would have suffered great bodily harm, and that defendant's said servants only acted in necessary self-defense against the assault of said plaintiff and his two companions, and in putting said plaintiff off of the car for his said misconduct, they used no more force than was necessary. The reply was a general denial.

The cause was tried before a jury on the 4th of May, 1902, and resulted in a verdict for plaintiff, assessing his actual damages at one dollar; no punitive damages were given. A motion for a new trial was filed in due time, assigning, among other reasons, that the verdict was against all instructions of the court, and on this ground the court set aside the verdict of the jury and granted a new trial. It is from this order that the appeal is now here, and the only question is the propriety of the action of the court in granting plaintiff a new trial.

The evidence tended to prove that on July 23, 1897, about 9:30 o'clock in the evening, the plaintiff, with two companions, boarded a street car, operated by the appellant company in St. Louis. They took their seats, they paid their fare to the conductor in charge, but soon thereafter, the plaintiff was taken sick and began to vomit. The testimony of appellant's witnesses was to the effect that the plaintiff vomited on the sides and floor of the car and refused to retire to the rear platform at the request of the conductor, who thereupon with the use of force removed the plaintiff to the rear platform; that thereupon the plaintiff attacked the conductor and was assisted by his two companions; that the conductor, with the assistance of the motorman, de-

fended himself and ejected plaintiff and his two companions from the car. On the other hand, plaintiff's witnesses testified that plaintiff was at no time the aggressor, but was given no opportunity to retire to the rear platform, but was dragged thereto by the conductor, mistreated and struck in the face by the conductor, and on the head with an iron car comptroller in the hands of the motorman; that he was struck in the face by the conductor and thrown from the car into the street and received a scalp wound four inches long on the head and severe bruises on the side of his body. His injuries were dressed by Dr. Heine Marks.

1. It is insisted by the defendant that the circuit court in setting aside the verdict of the jury in favor of the respondent and assessing his damages at one dollar sought to exercise a discretion which it did not possess. It is urged by counsel for the defendant that, inasmuch as instruction number four for the plaintiff authorized the jury to take into account the extent of the injury inflicted by the servants of the defendant, the physicial pain and humiliation, if any, endured by the plaintiff, and by their verdict award him such sum as would compensate him therefor not to exceed the sum of $5,000, any sum returned by the jury from one cent up to $5,000 could not be otherwise than in conformity with the instruction, and, therefore, their verdict could not have been against their instruction from the court, and cases of this court are cited wherein this court has refused to interfere with the verdict on the ground of its inadequacy when the circuit court has refused to grant a new trial on that account. The question presented to this court on this appeal is whether the action of a trial court, which has heard the testimony and observed the conduct of the jury, in granting a new trial because he believes that injustice has been done, should be interfered with by this court.

In Lockwood v. Insurance Company, 47 Mo. l. c. 51, it was said by this court: "Trial courts, in review-

ing verdicts, are not subject to the same rules that govern appellate courts. They may weigh the evidence, and, if they think injustice has been done, grant a new trial, in cases where they would not be justified in taking an issue from the jury, and where appellate courts should not interfere.''

In Reid v. Insurance Co., 58 Mo. 1. c. 429, the respective functions of a trial and an appellate court in the granting of a new trial were pointed out by Judge WAGNER. He said: ''The trial courts have opportunities which we have not. In witnessing and presiding over the trial, they are put in possession of facts which we cannot possibly attain. They see the witnesses; can form an opinion respecting their veracity; can observe whether they are biased or prejudiced; can notice their willingness or unwillingness, and a great many other circumstances which it is impossible to transfer to paper. They can also form a correct conclusion as to whether any improper influences operated on the jury in producing the verdict. All these considerations render it peculiarly proper that the question of granting new trials, on account of the verdict being against the weight of the testimony, should be exclusively exercised by the court trying the cause, and where the trial court is of the opinion that the verdict is not supported by the evidence, or is against the weight of evidence, it should never hesitate in exercising the power and giving the aggrieved party a new trial.''

In Chouquette v. Railroad, 152 Mo. 257, there was a verdict for one cent, and on motion of the plaintiff the verdict was set aside, and from that order the defendant appealed to this court. The contention there was by the defendant that a verdict for one cent ought to be regarded as a verdict for the defendant, and that there was nothing in the record to support the reason given for granting the motion for a new trial, but this court said: ''It is the peculiar and special duty of trial courts to grant new trials where the verdict is ar-

bitrary, or manifestly and clearly wrong, or where it appears that the verdict was the result of passion, prejudice or misconduct on the part of the jury." Citing numerous cases of this court, it further said: "The jury having found by their verdict that plaintiff's injuries were occasioned by the negligence of the defendant, it clearly devolved upon them, under the instructions of the court, to award her reasonable compensation therefor. Yet in utter disregard of the court's instructions and the evidence touching the nature, character and extent of plaintiff's injuries, the jury assessed her damages at one cent, after finding that she was entitled to damages on account of defendant's negligence." The court saying, "This precise question underwent adjudication in this court in Lee v. Publishers Geo. Knapp & Co., 137 Mo. 385, and it was there held, in circumstances like the present, that this court will not interfere with the discretion of the trial court in setting aside the verdict of the jury unless it satisfactorily appears that such discretion has been arbitrarily and unreasonably exercised."

In Haven v. Railroad, 155 Mo. 216, the conclusion was reached that the acts of 1891 and 1895 only bring the ruling of the trial court on the motion for new trial to this court for review, before a final judgment, instead of afterwards, as was formerly the case; that no other change in the procedure was contemplated by those acts. "The case is here on appeal and the usual and immemorial appellate practice must obtain. It is here for review on matters of law, not on the weight of the evidence, nor for this court to substitute its discretion for the discretion of the trial court."

The same conclusion practically was reached in McCloskey v. Pulitzer Publishing Co., 163 Mo. 22, in which last-named case the statement made in Kuenzel v. Stevens, 155 Mo. 280, was quoted with approval, that, "There is no more important power for the promotion of justice than that intrusted to the trial court

in the matter of granting a new trial. It is a power to be exercised with great care, and no one is so well informed as to how the discretion is to be used as the trial judge. It is only when it very clearly appears that a wise discretion has not guided his action that an appellate court should interfere.''

These cases indicate sufficiently the rule which has always governed this court when called upon to interfere with the discretion of the trial court in granting a new trial. It is not our province in this case to weigh the evidence and determine which of the respective parties should have recovered on the trial, but we are clear that there is nothing to indicate an unwise discretion on the part of the circuit court in setting aside a verdict for one dollar where the evidence tended to show such substantial injuries. The judgment of the circuit court in granting a new trial is affirmed.

All concur.